403 So.2d 1019 (1981)
Julian L. GIBSON a/k/a Harry J. Grant and Alfred J. Gibson, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 78-336, 78-1012.
District Court of Appeal of Florida, Third District.
July 21, 1981.
Rehearing Denied October 7, 1981.
*1020 Bennett H. Brummer, Public Defender and Robert R. Schrank, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before BARKDULL and FERGUSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
FERGUSON, Judge.
Pursuant to trial by jury, appellants were found guilty of robbery with a firearm and possession of a firearm while engaged in a criminal offense. They were sentenced to consecutive terms of imprisonment. By this appeal they raise three issues for review:
(1) the adjudication and sentence for robbery with a firearm and possession of a firearm while engaged in a criminal offense constitutes a double jeopardy violation;
(2) failure to instruct the jury as to the essential element of intent to commit the crime charged was fundamental error; and
(3) the prosecutor's statements in closing argument constituted an impermissible comment on appellant's failure to testify.
A defendant may not be convicted of two or more offenses which involve the same criminal acts. In such an instance, only a conviction for the greater charge may stand. State v. Pinder, 375 So.2d 836 (Fla. 1979); Jenrette v. State, 390 So.2d 781 (Fla. 3d DCA 1980). Since the two offenses for which defendants stand convicted, armed robbery under Section 812.13, Florida Statutes (1977) and possession and display of a firearm under Section 790.07, Florida Statutes (1977), involve the same criminal act as a necessary element of each offense, the defendants' convictions and sentences for possession of a firearm may not stand. James v. State, 399 So.2d 424 (Fla. 5th DCA 1981); Lee v. State, 400 So.2d 1238 (Fla. 1st DCA 1981); Monroe v. State, 396 So.2d 241 (Fla. 3d DCA 1981). Cf. Wooten v. State, 404 So.2d 1072 (Fla. 3d DCA 1981) (conviction *1021 of petty larceny inconsistent with finding violation of § 790.07).
The standard jury instruction on robbery is incomplete because it does not include specific intent as an element of the crime. Bell v. State, 394 So.2d 979 (Fla. 1981). In Bell, however, the requested instruction was not given. In this case the instruction was not requested. Neither was the element of specific intent to permanently deprive another person of the property in question made an issue at trial, directly or indirectly. The omission of the intent element from a robbery instruction is not fundamental error in the absence of a real dispute on that question. Williams v. State, 400 So.2d 542, (Fla. 3d DCA 1981).
After summing up the overwhelming evidence against the defendants, the prosecutor ended with the following:
Sometimes it makes you a little uncomfortable at night. But if you think, and I believe you cannot think otherwise, that they have both committed this crime, you must find both guilty and not think about the consequences, as the judge will tell you, and forget about it.
You can think you have done your duty done your obligation.
I ask you to listen carefully to see if the defense presents to you any direct evidence or comment on the evidence which show you any otherwise.
Thank you very much.
We have reviewed the comment in full context and find that it was a permissible comment pointing out the uncontradicted nature of the evidence. White v. State, 377 So.2d 1149 (Fla. 1979); State v. Jones, 204 So.2d 515 (Fla. 1967); Clinton v. State, 56 Fla. 57, 47 So. 389 (1908).
The convictions and sentences are affirmed as to robbery with a firearm and reversed as to possession of firearm while engaged in a felony.