415 So.2d 1265 (1982)
Roy A. BORGES, Petitioner,
v.
STATE of Florida, Respondent.
No. 60381.
Supreme Court of Florida.
April 8, 1982.
Rehearing Denied July 20, 1982.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Mark Horn and Sharon Lee Stedman, Asst. Attys. Gen., West Palm Beach, for respondent.
*1266 BOYD, Justice.
This cause is before the Court on petition for review of a decision of a district court of appeal. The district court certified that its decision passed upon two questions of great public importance. Borges v. State, 394 So.2d 1046 (Fla. 4th DCA 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner was convicted of burglary while armed with a dangerous weapon, possession of tools with intent to use them to commit burglary or trespass, possession of a firearm by a person convicted of a felony, and carrying a concealed firearm.[*] The trial court imposed a separate sentence of imprisonment for each offense, to be served consecutively. Petitioner appealed, contending that the single transaction rule and the Double Jeopardy Clause of the Fifth Amendment prohibit these multiple convictions and sentences. The district court affirmed on the authority of section 775.021(4), Florida Statutes (1977). The court certified the following questions as being of great public importance:
(1) Has the advent of Florida Statute 775.021(4) done away with the single transaction rule?
(2) Is category 4 of Brown v. State, 206 So.2d 377 (Fla. 1968), adequate to safeguard a defendant's right not to be subject to double jeopardy?
394 So.2d at 1049. We answer both questions in the affirmative and approve the decision of the district court.
Petitioner argues that his multiple convictions and sentences in this case violate the single transaction rule. In Florida, the "single transaction rule" finds its origin in Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942). It was there held that a person charged with several offenses arising from a single criminal transaction should only be convicted of the most serious offense charged. In Simmons the two offenses, arising out of a single episode, were assault with intent to rape and attempted carnal intercourse with an unmarried minor female. The rule has had a varied application, being grounded as it is in somewhat flexible notions of fairness. At times the courts have looked at the identity or discreteness of the criminal elements, at other times at the identity or discreteness of the evidentiary proof. See, e.g., Johnson v. State, 366 So.2d 418 (Fla. 1978); State v. Heisterman, 343 So.2d 1272 (Fla. 1977); State v. Ray, 331 So.2d 316 (Fla. 1976); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975); Estevez v. State, 313 So.2d 692 (Fla. 1975); Foster v. State, 286 So.2d 549 (Fla. 1973); Cone v. State, 285 So.2d 12 (Fla. 1973); Williams v. State, 337 So.2d 1038 (Fla. 1st DCA 1976), aff'd, 346 So.2d 67 (Fla. 1977); Swyers v. State, 334 So.2d 278 (Fla. 3d DCA 1976); Panzavecchia v. State, 311 So.2d 782 (Fla. 3d DCA 1975); Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971).
Section 775.021(4), Florida Statutes (1977), provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
This statute, an enactment of the 1976 legislature, chapter 76-66, Laws of Florida, was intended to authorize multiple convictions and separate sentences when two or more separate criminal offenses are violated as part of a single criminal transaction, except for lesser included offenses. It took effect after the operative facts had transpired in all the above-cited cases. The statute has abrogated the single transaction rule. Therefore petitioner's argument based upon the single transaction rule is without merit.
*1267 Petitioner argues that even in light of the abrogation of the single transaction rule, he has been subjected to improper multiple convictions based on the statute's exclusion of lesser included offenses. He argues that under the facts of the case as shown by the evidence the crime of possession of burglary tools was a lesser included offense of the crime of burglary and the crime of carrying a concealed weapon was a lesser included offense of the crime of possession of a firearm by a convicted felon.
We find these arguments to be without merit. A less serious offense is included in a more serious one if all of the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter. If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Petitioner's argument focuses not on the elements of the crimes but on the variables of evidentiary proof and invokes the "category four" concept of offenses that may or may not be lesser included offenses under Brown v. State, 206 So.2d 377 (Fla. 1968). The Court in Brown was attempting to provide guidance to trial courts on the question of when jury instructions on lesser included offenses must be given. The "category four" concept developed there is applicable but of limited utility in the present context. Moreover, the Florida Standard Jury Instructions in Criminal Cases (1981), contains a Schedule of Lesser Included Offenses which guides the trial courts with greater clarity and certainty than the "category four" concept of Brown. We agree with the district court that none of the crimes of which petitioner was convicted is a lesser included offense of any of the others. Therefore, separate convictions were proper and it was within the discretion of the trial court to impose consecutive sentences.
Finally, petitioner argues that his four separate convictions and sentences for what he says is essentially one offense of burglary enhanced by the carrying of a firearm violate the Double Jeopardy Clause of the Fifth Amendment. This argument is without merit because where the legislature has expressed its intent that separate punishments be imposed upon convictions of separate offenses arising out of one criminal episode, the Double Jeopardy Clause is no bar to such imposition. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The "power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty of them, resides wholly with the" legislature. Whalen v. United States, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). The Double Jeopardy Clause forbids the state to seek and the courts to impose more than one punishment for a single commission of a legislatively defined offense. "But the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." Id. at 688, 100 S.Ct. at 1436. The Double Jeopardy Clause "presents no substantive limitation on the legislature's power to prescribe multiple punishments," but rather, "seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense." State v. Hegstrom, 401 So.2d 1343, 1345 (Fla. 1981) (footnote omitted).
The explicit exclusion of lesser included offenses in section 775.021(4) makes clear that the legislature does not intend separate convictions and punishments for two or more statutorily defined offenses when in fact only one crime has been committed. But the power of definition of a crime resides wholly with the legislature. Therefore the use of the exclusion of lesser included offenses as a means of indicating when a convicted person may not be separately sentenced does not and cannot contravene the Double Jeopardy Clause. We emphasize, however, that this holding applies only to multiple sentences arising from *1268 a single trial and does not concern questions which might arise from subsequent prosecutions.
In a supplemental brief, petitioner has raised as a further point the argument that he was deprived of effective assistance of counsel at his trial. This point was neither passed upon by the district court of appeal nor certified by it to this Court. Therefore we shall not consider it.
We hold that petitioner's multiple convictions and sentences are proper. We answer the certified questions in the affirmative and approve the decision of the district court of appeal.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
NOTES
[*] See § 810.02(2)(b), Fla. Stat. (1977) (burglary while armed), § 810.06 (possession of burglary tools), § 790.23 (possession of firearm by convicted felon), and § 790.01(2) (carrying concealed firearm).