437 So.2d 1057 (1983)
Johnny Lee BELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 62002.
Supreme Court of Florida.
June 9, 1983.
Rehearing Denied October 11, 1983.
*1058 James B. Gibson, Public Defender and Lynda Campbell, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Fifth District, (Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982)), which expressly and directly conflicts with decisions of this Court in Borges v. State, 415 So.2d 1265 (Fla. 1982), and State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner (hereinafter defendant) was charged by information with trafficking in illegal drugs, sale of a controlled substance, and possession of a controlled substance. He was convicted on all counts and sentenced to fifteen years on the trafficking count, ten years on the sale count, and five years on the possession count.
Defendant appealed the convictions and sentences and the Fifth District Court of Appeal affirmed the convictions and vacated the sentences for sale and possession of illegal drugs.
In the instant case, defendant was convicted of the greater offense of trafficking in illegal drugs as well as the lesser included offenses of sale and possession of a controlled substance. Defendant argues that the affirmance of his convictions on the lesser included offenses is in direct conflict with this Court's decision in Borges. We agree.
In Borges we held that the crimes for which Borges was convicted were separate and distinct and that none of the crimes was a lesser included offense of any of the others. Consequently, multiple convictions were appropriate in that case. Borges, 415 So.2d at 1267. We went on to hold that multiple sentencing for those convictions was proper given the legislative intent made manifest in section 775.021(4), Florida Statutes (1977).
The district court's reliance on State v. Hegstrom in affirming the convictions below is misplaced. We did not intend to hold in Hegstrom that the double jeopardy clause of amendment 5, United States Constitution, or article I, section 9, Florida Constitution, permits a defendant to be convicted of both a greater and a lesser included offense provided no sentence is imposed for the lesser included offense. As we have stated before, the explicit exclusion of lesser included offenses in section 775.021(4) makes clear that the legislature does not intend separate convictions and punishments for two or more statutorily defined offenses when in fact only one crime has been committed. Id. at 1267. We recede from State v. Monroe, 406 So.2d 1115 (Fla. 1981), to the extent it is in conflict with this conclusion.
For double jeopardy purposes lesser included offenses are tantamount to the greater offense charged if all the constituent essential elements of such lesser offenses are included within the elements of such greater offense. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Conversely, offenses are separate and distinct if each contains an essential element that the other does not. This is a reciprocal rule; hence, the conclusion that lesser included offenses are not separate because they have no element that is not also necessarily a part of the proof of the greater offense. However, a mere recitation of the Blockburger rule for determining when offenses are distinct or "the same" cannot alone give guidance to the courts attempting to apply the rule.
Whether offenses are "the same" depends upon which offense-defining test is used to give teeth to the Blockburger rule.
In a pure sense of the definition, two offenses are "the same" if they are identical in law and fact. That is, that one statute has been violated once. Of course merely labeling statutes does not, and cannot, make offenses distinct when in fact *1059 they are identical. The legislature, even though it has the power to define offenses and punishments, is limited in that power. U.S. Const. amend. V; art. I, § 9, Fla. Const.
Under the required evidence, or statutory elements test, offenses are "the same" if elements constituent in one statute are sufficiently similar to elements of another. This test describes a labeling under different statutory sections of essentially the same crime. Such legislative legerdemain surely cannot be employed to contravene a constitutional right not to be twice placed in jeopardy for the same offense. See Stewart, J. in Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).
Under the alleged evidence test, offenses are "the same" if there is sufficient similarity between allegations of two indictments or informations or even two counts within a single indictment or information. This test necessitates scrutiny of the charging instruments to determine if repetitious charges have been brought.
Finally, under the actual evidence or same evidence test, offenses are "the same" if there is sufficient similarity in the evidence actually presented either at two trials or among two or more counts in a single trial.
Courts have used varying combinations of the above tests justifying such practice on flexible notions of fairness or justice, but such an ad hoc approach to double jeopardy issues is unresponsive to the original policies to be protected.
At common law, the slightest variance between allegation and proof was fatal to the prosecution. It was a reaction to this pedantry of the pleading system that spawned the same evidence test. Thus, without legislative intent evidenced to the contrary, necessarily lesser included offenses could be prosecuted in subsequent prosecutions after a technical acquittal on the greater charge because proof of the lesser would not convict of the greater offense. (That is, the offenses were not "the same".) Conversely, collateral estoppel would bar reprosecution for the greater offense if there was an acquittal on a necessarily lesser included offense. Most importantly, however, was that a conviction of the greater offense barred reprosecution on any lesser included offenses.
Considering the above principles derived from the common law, and even being mindful of the policies underlying the prohibition against double jeopardy it is understandable why judges and commentators speak of double jeopardy primarily in the context of multiple prosecutions and separate proceedings. However, one must be careful to remember the fact that at the time the framers of the double jeopardy clause were writing, joinder of causes was impermissible, and therefore the only way a person could be punished multipliciously was out of multiple trials. Multiple trials would necessarily entail multiple judgments of conviction on which the multiple punishments would be based. Therefore, no mention was made in early cases or commentary concerning the evils of multiple convictions because to say no multiple punishments was in essence to say no multiple prosecutions and convictions for the same offense. Current case law and commentary seems to have lost sight of these original, valid policies in favor of blanket assertions of legal doctrine lacking in principle or historic support.
Arguments that multiple convictions in a single trial setting do not produce detrimental effects, and therefore do not punish multipliciously, are misplaced unless we are willing to close our eyes to the realities of the criminal justice system. Convictions for lesser included offenses clearly have detrimental effects on the person convicted.
Parole release dates are adversely affected due to consideration based on the number of convictions. Also, the multiple convictions on the lesser included offenses may be used as impeachment evidence in subsequent criminal proceedings. Finally, further conviction of crime would expose the defendant to enhanced sentence under habitual offender statutes.
*1060 The federal courts have addressed the question of whether the multiple punishment concept applies to convictions as well as sentences in single trial settings. The old Fifth Circuit Court of Appeal ruled that a conviction without a sentence is not harmless. United States v. Buckley, 586 F.2d 498 (5th Cir.1978), cert. denied, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979). Buckley held that where a defendant was improperly convicted for a lesser included offense, the appropriate procedure is to vacate both the conviction and the sentence on the included offense, while allowing the conviction and sentence to stand on the greater offense. Indeed, the Supreme Court, in United States v. Gaddis, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), reached a similar conclusion when it vacated a conviction and sentence for the lesser included offense of receiving proceeds of a robbery which was obtained together with a conviction on the robbery charge. Finally, in Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the Supreme Court held that a person tried and convicted for a crime which has various incidents included within it cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.
Although Harris involved multiple prosecutions, the reasoning can and should be applied in a single trial, multiple-count situation, since each count must be considered as if it were a separate indictment or information. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982).
If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally "the same offense" and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events.
If the prosecution is based on a different statutory offense from, but the same factual event as, that resolved in a prior, or another prosecution, double jeopardy does not bar the proposed prosecution or punishment. See Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981).
The latter principle was involved in Missouri v. Hunter, ___ U.S. ___, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Defendant Hunter was convicted of first-degree robbery and armed criminal action. The separate statutes did not contain the exact same elements nor did one of the statutory offenses contain all of the elements of the other. The prosecutions were based on different statutory offenses containing different elements. Although the factual event was the same, double jeopardy did not bar the prosecution.
The mere existence of two statutory offenses does not establish that the legislature intended each to be independently convictable and punishable when both are committed in a single course of conduct. In the present case, the legislature has codified the distinctly different statutory offenses of sale of illegal drugs and possession of illegal drugs. Also it has determined that another offense, trafficking in illegal drugs, is committed when either or both of the offenses of sale or possession of a certain amount of illegal drugs is effected. By including sale and possession of drugs within the trafficking statute, it is apparent that the legislature intended to facilitate trafficking prosecutions through the use of alternative methods of proof rather than attempting to provide for multiple convictions and punishments for criminal conduct which is basically unitary.
We feel compelled to state again unequivocally that our previous decisions in Borges and Hegstrom were not intended to permit multiple convictions for lesser included offenses in single trial settings, although it appears that even we have been less than consistent on the issue. Cf. State v. Monroe.
The schedule of lesser included offenses adopted by this Court lists sale and possession of a controlled substance as category *1061 one lesser included offenses of trafficking in illegal drugs. In the Matter of Use by the Trial Courts of Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, 431 So.2d 594 (Fla. 1981). In a single count indictment or information on a charge of trafficking, a trial judge, being satisfied that there is sufficient evidence to support the trafficking charge, must so instruct the jury on that charge. Also, the judge must instruct on the lesser included offense of sale and possession if evidence exists of these offenses.
The jury then must be further instructed that it can convict of either the greater offense or one or more of the lesser included offenses, but not both. Fla.Std.Jury Instr. (Crim.) 2.08. The fact that a single indictment or information charges both the greater and the lesser included offenses should not change the result regarding the propriety of multiple convictions. To hold otherwise would allow prosecutors to obtain multiple convictions based on a charging decision, an unjust result which we decline to legitimize.
In conclusion, based on an appreciation of the history of the policies behind protecting against double jeopardy for the same offense, and motivated by a desire for consistency and fairness, we hold that once it has been established that an offense, whether charged or not, and whether in single or separate proceedings, is a lesser included offense of a greater offense also charged, then the double jeopardy clause proscribes multiple convictions and sentences for both the greater and lesser included offenses.
That portion of the district court's opinion affirming the conviction and sentence as to the trafficking offense is approved, but the convictions relating to both the sale and possession offenses should be reversed. The cause is remanded to the district court of appeal for entry of an order in accordance with these views.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.