452 So.2d 553 (1984)
STATE of Florida, Petitioner,
v.
Julian L. GIBSON and Alfred J. Gibson, Respondents.
No. 61325.
Supreme Court of Florida.
June 14, 1984.
*554 Jim Smith, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for petitioner.
Bennett H. Brummer, Public Defender and Robert R. Schrank, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondents.
BOYD, Justice.
Following our decision of February 17, 1983, in the present proceeding, the State of Florida filed a timely petition for rehearing, calling our attention to a misapprehension of its argument on the law applicable to the facts of the case. We therefore grant rehearing, revisit and rescind the decision, and withdraw our prior opinion.
This case came to the Court for review of the decision of the district court of appeal in Gibson v. State, 403 So.2d 1019 (Fla. 3d DCA 1981). We accepted jurisdiction on the ground of conflict of decisions. Art. V, § 3(b)(3), Fla. Const.
The respondents were convicted of the following two offenses: (1) robbery while armed and (2) use or display of a firearm during the commission of a felony.[1] The *555 felony during which the use or display of a firearm occurred was the robbery of which respondents were convicted. That is, both offenses arose from a single criminal episode. The district court ruled that it was necessary to vacate the conviction for the lesser crime on the ground that "[s]ince the two offenses for which the defendants stand convicted ... involve the same criminal act as a necessary element of each offense, the defendants' convictions and sentences for possession of a firearm may not stand." 403 So.2d at 1020. The district court cited State v. Pinder, 375 So.2d 836 (Fla. 1979), as authority for the following statements: "A defendant may not be convicted of two or more offenses which involve the same criminal acts. In such an instance, only the conviction for the greater charge may stand." 403 So.2d at 1020. The quoted sentences were an overbroad and therefore inaccurate statement of the holding in State v. Pinder. Our decision in State v. Pinder was grounded on the constitutional prohibition against placing a defendant in jeopardy twice for the same offense. There, the lesser offense in question was determined to be the same offense, for double jeopardy purposes, as the greater offense because all of its elements were included among the elements of the greater offense.[2] Here, contrarily, as the discussion to follow will show, the offense of robbery while armed does not include among its elements all of the elements of the crime of use or display of a firearm during the commission of a felony.
While relying on State v. Pinder (and, therefore, the double jeopardy clause) as authority for its holding, the district court in its opinion used certain language that was reminiscent of the judicially created "single transaction rule." The "single transaction rule," however, has been legislatively eliminated from the law of Florida. § 775.021(4), Fla. Stat. (1977);[3]Borges v. State, 415 So.2d 1265 (Fla. 1982).
*556 The offense of robbery while armed is defined in section 812.13(1) and (2), Florida Statutes (1977), which provides as follows:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The other offense respondents were convicted of, use or display of a firearm during the commission of a felony, is defined in section 790.07(2), Florida Statutes (1977), which provides as follows:
(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.
In Borges v. State, 415 So.2d 1265 (Fla. 1982), we held that the determination of whether two statutory offenses, charged on the basis of a single act or group of acts of the accused, are the same offense by reason of one being a lesser included offense of the other, is to be made by examining the statutory elements of the offenses rather than the allegations in the charging instrument or the factual elements of evidentiary proof presented at trial. The elements of robbery while armed, as statutorily defined, are (1) a taking of money or other property that may be the subject of larceny; (2) from the person or custody of another; (3) by force, violence, assault, or putting in fear; and (4) that the offender carried a firearm or other deadly weapon in the course of committing the robbery. § 812.13(1), (2)(a), Fla. Stat. (1977). The elements of the other offense in question are (1) the display, use, or threat or attempt to use; (2) a firearm; (3) while committing or attempting to commit a felony. § 790.07(2), Fla. Stat. (1977).[4]
In Borges v. State, we adopted the test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for determining whether two statutory offenses, when ostensibly violated by a single act of the accused, are intended to be separately prosecuted and punished. There it was said that the "applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. Applying this test to the statutory elements of the two offenses in question in the present case, we conclude that, because each offense has at least one statutory element that the other does not, the offenses are separate crimes even when based on the same act or factual event. Therefore, under the Blockburger test, the two offenses were intended by the legislature to be separately prosecuted and punished. The offense of robbery while armed contains, in addition to its other constituent statutory elements, the element that the accused carried a firearm or other deadly weapon. The elements of the crime do not include displaying the weapon or using it in perpetrating the robbery. The offense of display or use of a firearm while committing a felony contains as one of its constituent statutory elements that the offender displayed, used, or attempted or threatened to use a firearm during the *557 commission of a felony. It is clear that each of these offenses contains at least one constituent statutory element that the other does not. Contrary to our conclusion in the opinion of February 17, 1983, we now determine that use or display of a firearm in committing a felony is not a lesser included offense of robbery while armed but, rather, was intended by the legislature as a separate offense to be separately prosecuted and punished even where based on a single act or closely connected group of acts.[5] § 775.021(4), Fla. Stat. (1977).
Although the district court's opinion in the instant case did not clearly indicate whether double jeopardy protection, the "single transaction rule," or some manifestation of legislative intent was the basis for its decision, we have some further observations concerning the arguable applicability of the double jeopardy clause to this kind of case. It should be noted that the Blockburger test is not of constitutional stature, but, rather, is a rule of statutory construction. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The opinion in Blockburger did not once mention the double jeopardy clause, and the decision was grounded purely on legislative intent that the two statutory offenses in question there be separately prosecuted and cumulatively punished even though based on a single act or factual event. Blockburger does not provide a constitutionally binding test for determining when an offense is a lesser included offense of another and therefore the "same offense" for double jeopardy purposes. Therefore, Blockburger should be used if it helps to determine legislative intent and discarded when it does not or where the intent is already clear.[6] It has never been held authoritatively that double jeopardy prohibits cumulative prosecution and punishment of two or more separate statutory offenses merely because a single act or factual event provides the basis for proving both or all of the offenses. If the legislative authority intends separate prosecutions and punishments in such instances, they are permissible. See, e.g., Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).
Section 775.021(4), set out in footnote 3 above, mandates separate prosecutions and punishments whenever an act or group or series of acts violates more than one statutory provision. The statute contains an exception for "lesser included offenses." The purpose of the legislature in enacting the exception was to negate any intention of allowing, in a prosecution of an offense based on a single act or factual event, prosecution and punishment for another statutory offense constituting a less serious verdict alternative. See Bell v. State, 437 So.2d 1057 (Fla. 1983). Thus, the exception in section 775.021(4) expressed the commonly understood notion that, for example, one who is alleged to have committed battery with a weapon will not be punished, tried, or charged cumulatively for both aggravated battery and simple battery. On such a charge of aggravated battery, the jury has the option of finding that no weapon was used in the battery and *558 accordingly returning a verdict of simple battery. See Brown v. State, 206 So.2d 377 (Fla. 1968). Thus the exception in section 775.021(4) referred to a well-understood legal concept and was not intended to preclude separate prosecution and punishment of separate statutory crimes arising in the same course of events or from a single act.[7]
In Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the offender was convicted of first-degree robbery and "armed criminal action" based on a single episode of armed robbery. The applicable state law defined first-degree robbery as the felonious taking of property from the person or in the presence of another (the owner or custodian) against such person's will, by violence or by putting in fear of immediate injury. The offense of armed criminal action was defined as the commission of any felony through the use, assistance or aid of a dangerous or deadly weapon. The appellant argued that the cumulative application of both statutes to his act, resulting in separate prosecution and punishment, violated the double jeopardy clause. The United States Supreme Court noted that the Missouri Supreme Court had determined that the state legislature intended such cumulative prosecution and punishment. The state court had also concluded that the two statutory offenses were the same under the Blockburger test. Nevertheless, the United States Supreme Court held the separate prosecutions and punishments permissible under the double jeopardy clause.
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
103 S.Ct. at 679.
The situation in Missouri v. Hunter is closely similar to the situation in the present case. If the prohibition against double jeopardy was no bar to separate prosecution and punishment for the two statutory offenses there, then it is clearly no bar here. Because double jeopardy permits it and the legislature clearly intends it, we hold separate prosecution and punishment are proper, and, as far as the double jeopardy argument is concerned, we would so hold even if the Blockburger test were not satisfied. See State v. Cantrell, 417 So.2d 260 (Fla. 1982).
The decision of the district court of appeal, reversing the respondents' convictions for use or display of a firearm during the commission of a felony, is quashed and the case is remanded with instructions to affirm the convictions of that offense. The respondents' argument of district court error on a separate issue is without merit and the district court decision is approved as to that point.
It is so ordered.
*559 ALDERMAN, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent.
NOTES
[1] The district court of appeal once described the second offense as "possession" of a firearm while committing a felony, then later said that the offense was "possession and display," 403 So.2d at 1020, under section 790.07, Florida Statutes (1977). The relevant paragraph of section 790.07, paragraph (2), proscribes two distinct offenses, which are: (1) use, display, or attempt or threat to use a firearm while committing a felony and (2) carrying a concealed firearm while committing a felony. The parties have not brought the record before us in this proceeding so that we can determine with certainty which offense the respondents were charged with and convicted of. Our February 17, 1983 decision was made on the assumption that "use or display," etc., is the offense in question. Neither party questioned this factual matter by petition for rehearing. We therefore continue to proceed on that assumption.
[2] State v. Pinder was decided on the authority of Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and, more particularly, Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). In Harris v. Oklahoma, the defendant was convicted of murder for a felony murder that occurred in the course of a robbery. Subsequent to the prosecution and conviction for felony murder, petitioner was again brought to trial for armed robbery, the underlying felony of the previously tried felony murder. The Court held: "When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after confiction of the greater one." 433 U.S. at 682, 97 S.Ct. at 2912 (footnote omitted). In Pinder, this Court extended the holding of Harris, quite logically and in keeping with our understanding of the double jeopardy clause, to the situation where both felony murder and the underlying felony are prosecuted in a single proceeding. Subsequent authorities indicate that that extension was mistaken. Although respected legal authority holds the quite logical view that if a statutory offense can be separately prosecuted with another offense in a single trial, there is no reason not to allow such separate prosecution in a subsequent trial, e.g., Baker v. State, 425 So.2d 36, 41 n. 1 (Fla. 5th DCA 1982) (Cowart, J., dissenting), the United States Supreme Court has indicated that there are constitutional reasons for distinguishing the two situations. Compare Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) with Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977). The distinguishing factor may have to do with the vexatious and oppressive nature of successive prosecutions of separate statutory offenses having the same constituent statutory elements and based on the same act or factual event. See generally North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[3] Section 775.021(4), provides as follows:

(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
[4] As was stated above in footnote 1, section 790.07(2) also proscribes the discrete offense of carrying a concealed firearm while committing or attempting to commit a felony. We have concluded that this latter offense is not involved in this case.
[5] In State v. Monroe, 406 So.2d 1115 (Fla. 1981), the same two statutes were involved but the lesser offense was referred to as "unlawful possession of a firearm while committing a felony." It was not made clear whether that description of the offense silently encompassed the element of concealment. See footnotes 1 and 3 above. This distinction between the two offenses defined in section 790.07(2) might make a difference under the Blockburger rule. State v. Monroe was disapproved to the extent of inconsistency in Bell v. State, 437 So.2d 1057 (Fla. 1983).
[6] The recent amendment of section 775.021(4), however, has specifically adopted the Blockburger rule as the test for determining whether statutory offenses with common constituent elements are separate offenses or "the same offense." Ch. 83-156, Laws of Fla. Arguably, this will have the effect of ratifying judicial construction holding, for example, that felony murder and the underlying felony are "the same offense" by reason of the elements of the underlying felony being wholly included among the elements of the felony murder. See State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); State v. Pinder, 375 So.2d 836 (Fla. 1979).
[7] In State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), this Court receded from State v. Pinder and held that double jeopardy did not preclude separate prosecutions, in a single-trial setting, of both felony murder and the underlying felony. We relied on the intervening decisions of Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), and Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), as holding that the question was purely one of legislative intent. However, we went on to find that the exception of "lesser included offenses" in section 775.021(4) operated to prevent a separate sentence for the underlying felony because it was found to be a necessarily lesser included offense of the crime of felony murder. In Bell v. State, 437 So.2d 1057 (Fla. 1983), however, we held that a "lesser included offense" is a verdict alternative and not a separate offense for which a separate prosecution may be undertaken and a separate conviction imposed. We thus remedied the problem of section 775.021(4) and the double jeopardy clause being "at cross-purposes." Bell v. State, 411 So.2d 319, 322 n. 3 (Fla. 5th DCA 1982) (Cowart, J., dissenting). Under this Court's decision in Bell, where a statutory offense offers a less serious verdict alternative to the offense charged, the legislative intent is construed not to allow separate, cumulative prosecution of the lesser offense with the greater. Of course, without separate convictions it naturally follows that there will be no separate punishments.