DANIEL S. PEARSON, Judge.
Reynolds was convicted of aggravated assault with a firearm in violation of Section 784.021, Florida Statutes (1981), and display and use of a firearm in the commission of a felony (the aggravated assault) in violation of Section 790.07, Florida Statutes (1981). On appeal, he contends that he cannot lawfully be convicted of both offenses; that, in any event, the minimum mandatory three-year sentence imposed on the offense of display and use of a firearm in the commission of a felony is unauthorized; and that the prosecutor impermissibly commented on Reynolds’ right to remain silent, thus entitling the defendant to a new trial.
This court, relying on State v. Monroe, 406 So.2d 1115 (Fla.1981), and State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), previously held that a defendant cannot be separately sentenced for the crimes of aggravated assault and display of a firearm during the commission of such aggravated assault “because the firearm charge is a lesser included offense of the felony.” Kindell v. State, 413 So.2d 1283, 1287 (Fla. 3d DCA 1982).[1] We must, however, re-examine Kindell in light of the holding in Borges v. State, 415 So.2d 1265 (Fla.1982), reemphasized in State v. Gibson, 452 So.2d 553 (Fla.1984), “that the determination of whether two statutory offenses, charged on the basis of a single act or group of acts of the accused, are the same offense by reason of one being the lesser included offense of the other, is to be made by examining the statutory elements of the offenses rather than the allegations in the charging instrument or the factual elements of evidentiary proof presented at trial.” State v. Gibson, 452 So.2d at 556.
An aggravated assault is statutorily defined, in part, as an assault “with a deadly weapon without intent to kill.” § 784.-021(l)(a), Fla.Stat. (1981). The pertinent firearm statute makes it unlawful for one to display, use, threaten or attempt to use any firearm while committing or attempting to commit any felony. See § 790.07(2), Fla.Stat. (1981). In State v. Gibson, 452 So.2d 553, the court held that the offense of display or use of a firearm while committing a felony is not a lesser-included offense of armed robbery, because the statutory definition of the latter offense does not require the display or use, but merely the carrying of a firearm. Here, an aggravated assault, although manifestly requiring that the deadly weapon be displayed or used, does not require that the deadly weapon be a firearm. See, e.g., Williamson v. State, 92 Fla. 980, 111 So. 124 (1927) (motor vehicle); Lindsay v. State, 67 Fla. 111, 64 So. 501 (1914) (large stick); J.M.C. v. State, 331 So.2d 366 (Fla. 3d DCA 1976) (large stick); State v. Nixon, 295 So.2d 121 (Fla. 3d DCA 1974) (pocket knife); Johnson v. State, 249 So.2d 452 (Fla. 4th DCA 1971) (shoe); Colainni v. State, 245 So.2d 893 *1020 (Fla. 2d DCA 1971) (ballpeen hammer); McCullers v. State, 206 So.2d 30 (Fla. 4th DCA), cert. denied, 210 So.2d 868 (1968) (motor vehicle); Solitro v. State, 165 So.2d 223 (Fla. 2d DCA 1964) (motor vehicle). Therefore, each offense in the present case includes a constituent element which the other does not, and, under State v. Gibson, the offenses may be separately prosecuted and punished.
The defendant's contention that the trial court erred in imposing a three-year minimum mandatory prison term on the offense of display and use of a firearm in the commission of a felony is well taken. See § 775.087(2), Fla.Stat. (1981); Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980). This error may be rectified on remand by the imposition of a sentence on the aggravated assault count, none having been heretofore imposed, which sentence is to include a minimum mandatory three-year prison term.
We find no merit in Reynolds’ contention that the trial court erred in denying his motion for mistrial addressed to the prosecutor’s argument that the testimony presented by the State was “uncontradict-ed.” See White v. State, 377 So.2d 1149 (Fla.1979), cert. denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980).
Affirmed in part; reversed in part, and remanded.

. We have since learned from the later authority of Bell v. State, 437 So.2d 1057 (Fla.1983), that convictions as well as sentences for both the greater and lesser-included offenses are prohibited.