470 So.2d 796 (1985)
Robert Lee HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1062.
District Court of Appeal of Florida, Fourth District.
June 12, 1985.
*797 Richard L. Jorandby, Public Defender, and Allen J. DeWeese and Tatjana Ostapoff, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Robert Lee Hall, convicted of armed robbery and possession of a firearm while engaged in a criminal offense, appeals his conviction and sentence.
At trial the robbery victim, a gas station operator, testified that appellant entered the gas station, pulled a gun, and thereafter fled with approximately $130.
Appellant, testifying on his own behalf, maintained that at the time of the robbery he was with his girlfriend. He did not, however, call her to testify. The prosecutor in closing argument commented upon appellant's failure to present the testimony of his girlfriend. Objection to the comment was overruled.
On appeal it is contended that it was reversible error to permit comment on appellant's failure to call a witness and, additionally, that appellant may not be convicted of both robbery with a firearm and possessing a firearm while engaged in that robbery.
Appellant argues, in support of his first contention, that because defense counsel made no reference to the girlfriend in his closing argument and because appellant had not filed a notice of alibi, the comment was improper. As noted, however, appellant himself took the stand and testified that he was with his girlfriend at the time of the robbery, thus indicating that she could provide an alibi.
The rule in Florida regarding the right of the prosecutor to comment on the defendant's failure to produce a witness whom the defendant contends could place him elsewhere at the time of the crime is:
If a witness knows material facts which will be helpful to a defendant in making his defense, and the witness is competent and available, the defendant's failure to produce the witness is properly a subject of comment by the prosecutor.
Romero v. State, 435 So.2d 318, 320 (Fla. 4th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984). See also Buckrem v. State, 355 So.2d 111 (Fla. 1978), appeal after remand, *798 364 So.2d 1258 (Fla. 2d DCA 1978); Daughtrey v. State, 325 So.2d 456 (Fla. 1st DCA), cert. denied, 336 So.2d 600 (Fla. 1976); Jenkins v. State, 317 So.2d 90 (Fla. 1st DCA 1975). Therefore, the prosecutor's comment was proper, provided that the girlfriend was shown to be both competent and available. She was shown to be competent "because of having direct, relevant and material evidence to give... ." Romero, 435 So.2d at 320. In other words, her testimony would have been "competent" had it been offered. Thus the first element of the test was satisfied. The remaining question is whether she was also available. The term "available" as used in the context of the permissibility of a comment on one party's failure to call a witness does not refer either to geographical proximity or to the physical or mental capacity of the witness to testify. It has reference, rather, to one party's superior knowledge of the existence and identity and the expected testimony of the witness. A confidential informant whose identity has not been revealed thus is not a witness "available" to the accused. On the other hand, the wife, girlfriend or long-time acquaintance of a party ordinarily will be considered to be available as a witness for that party. Application of this test to appellant's situation compels the conclusion that appellant's girlfriend was "available" as well as "competent." Therefore, it was appropriate for the prosecution to comment on this weakness in appellant's alibi defense.
As indicated initially, appellant was convicted of both robbery (§ 812.13(1) & (2)(a), Fla. Stat.) and possession of a firearm while engaged in a criminal offense (§ 790.07(2), Fla. Stat.). He contends that he was improperly convicted and sentenced for possession of a firearm where the elements of that offense are included within the elements of first-degree robbery.
If this were a matter of first impression we would be inclined to the view that section 790.07(2) defines an offense that is lesser included in the offense defined in section 812.13(1) and (2) where one criminal act underlies both charges. We would do so on the premise that a firearm is either exposed or concealed  thus the felony in question was accomplished either by the use and display of a firearm or it was committed by an offender who carried a concealed firearm. A jury could not logically conclude otherwise (although in the exercise of its power of jury pardon the jury could certainly bring in a verdict inconsistent in this respect). We are not, however, at liberty to consider this a case of first impression for the reasons that follow.
The initial thrust of appellant's position is similar to that of the defendant in Borges v. State, 415 So.2d 1265 (Fla. 1982). Borges held that the double jeopardy clause of the Fifth Amendment is not impacted by the conviction of two or more legislatively-defined offenses arising from a single criminal episode or transaction. The supreme court in that case applied section 775.021(4), Florida Statutes (1981), which stated:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
The legislature thereby mandated and Borges subsequently held that multiple convictions are prohibited only where one crime is a lesser included offense of another crime. A later amendment to the above statute does not change our analysis of Borges for purposes of this opinion.
The Borges court then enlisted the Blockburger test (Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)) in order to determine when one crime is a lesser included offense of another:
A less serious offense is included in a more serious one if all of the elements required to be proven to establish the *799 former are also required to be proven, along with more, to establish the latter. If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other.
415 So.2d at 1267. This analytical process was further refined in Bell v. State, 437 So.2d 1057 (Fla. 1983). Bell explores the various testing techniques that courts have developed for ascertaining whether two offenses are the same, indicating that the preferred procedure is to determine whether the two offenses involve the identical statutory elements (regardless of how labelled) and arise from the same act or transaction.
More recently the Florida Supreme Court in State v. Gibson, 452 So.2d 553, 556 (Fla. 1984), noted that:
[T]he determination of whether two statutory offenses, charged on the basis of a single act or group of acts of the accused, are the same offense by reason of one being a lesser included offense of the other, is to be made by examining the statutory elements of the offenses rather than the allegations in the charging instrument or the factual elements of evidentiary proof presented at trial.
The court further explained that Blockburger is simply a rule of statutory construction, to determine legislative intent rather than to safeguard against double jeopardy. This aspect of the court's analysis concludes with the reminder that "[i]f the legislative authority intends separate prosecutions [for a single act or transaction], they are permissible." Id. at 557. See also State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); State v. Pinder, 375 So.2d 836 (Fla. 1979).
From these cases we discern the following: The double jeopardy clause of the Fifth Amendment to the Constitution of the United States (made applicable to the states by the Fourteenth Amendment) protects against multiple prosecutions for the same criminal offense. Within the limitations of constitutional reasonableness the legislative authority may provide that certain prohibited conduct constitutes multiple offenses and may impose multiple punishments for the "same" offense. The Florida legislative authority has indicated its intention that conduct violative of more than one statutory proscription may subject the offender to multiple prosecutions and punishment except in the case of an offense which is a lesser included offense of another charged offense. The Blockburger test is available to assist in making a determination as to whether or not two charged offenses are essentially one and the same offense where legislative intent is otherwise unclear. Its application requires an analysis of the constituent elements of the offense as defined by the particular legislative proscription. Necessary and preliminary to such an analysis is an examination of the charging document to determine precisely which legislative proscriptions or charges are being compared.
The Gibson case involved violations of the following statutes:
790.07 Persons engaged in criminal offense, having weapons. 
... .
(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.
812.13 Robbery. 
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
In its analysis in Gibson the supreme court points out that section 790.07(2) proscribes *800 two separate and distinct offenses "which are: (1) use, display, or attempt or threat to use a firearm while committing a felony and (2) carrying a concealed firearm while committing a felony." 452 So.2d at 554-555 n. 1. The court then assumes, for various stated reasons, that Gibson is charged with "use or display" rather than the second discrete offense defined by the statute. Since the robbery statute comprehends simply carrying a weapon whereas that aspect of section 790.07(2) involved in Gibson contemplates "use and display" the court then moved to the conclusion that neither offense was a lesser included offense of the other so that multiple convictions and punishments were not prohibited.
We have some difficulty with this analysis. The essence of the distinction between the two offenses, as we understand the language of the case, is that the constituent statutory element required to be proved to convict for a violation of section 790.07(2) and not required to be proved to convict for a violation of section 812.13(1) and (2) is "use and display" of the firearm. To say that use and display is not also a constituent element of armed robbery seems to us to beg the question. Excerpting from the statutory language, armed robbery occurs if the offender, in the course of the robbery "carried a firearm... ." This brings us to the inquiry: how does one "carry" a firearm? It would seem that the firearm is either visible (used, displayed, threatened or attempted) or not visible (concealed). Thus a choice is necessarily involved when it is determined that "use and display" is not a constituent element of the crime of the armed robbery charged. A similar choice is ordinarily available as between the two discrete offenses proscribed by section 790.07(2).
Except as required to determine what statute an offender is accused of violating, courts are foreclosed by Gibson from relying either on the allegata or the probata to determine whether multiple offenses of which the offender has been convicted are indeed multiple or whether they are in legal effect one and the same offense. Despite this admonition the Gibson court obviously relied upon the allegations to the extent of determining that "use and display" rather than "concealment" was the statutory element involved in the charges against the offender.
We draw from all of the foregoing the following conclusion which we limit in immediate application to the two statutes directly involved here. Because a violation of section 790.07(2) may be established by proof that the offender either used and displayed a firearm OR carried a concealed firearm, and because a violation of section 812.13(1) and (2) also has dual aspects (used, displayed, threatened, attempted OR carried a concealed firearm) neither offense can be a lesser included offense of the other unless the allegations of the charging instrument specifically define the offense as involving either "use and display" or "concealment." This result follows from the proposition that if we place the emphasis on "used and displayed" in considering one offense it is apparently permissible under Gibson to place the emphasis on a "concealed firearm" in the other offense and vice versa.
We confess to a sense of uneasiness with this result but we have been unable to place Gibson in any other perspective. In view of the difficulty we encounter in applying Gibson to the facts of the present case we certify to the Supreme Court of Florida the following question as one of great public importance:
IN THE WAKE OF STATE V. GIBSON, 452 So.2d 553 (FLA. 1984), MAY AN OFFENSE PROSCRIBED BY SECTION 790.07(2), FLORIDA STATUTES, EVER BE CONSIDERED A LESSER INCLUDED OFFENSE OF THE PROSCRIPTION OF SECTION 812.13(1) AND (2), FLORIDA STATUTES?
The appellant here, as indicated earlier, is similarly charged with violations of both section 812.13(1) and (2) and section 790.07(2). Rather than being charged either with "use or display, etc." or being charged with "carrying a concealed firearm" under section 790.07(2) the information *801 charges both; i.e., that appellant did "display, use, threaten to use, or attempt to use a firearm, or carry a concealed firearm, to-wit: a handgun while committing or attempting to commit a felony, to-wit: robbery, contrary to F.S. 790.07(2) and F.S. 812.13."
As in Gibson, although on a different level of analysis, we find that appellant was convicted of armed robbery and use and display of a weapon while engaged in a criminal offense and that, under the circumstances present here, neither crime is a lesser included offense of the other.
We therefore affirm.
AFFIRMED.
DELL and WALDEN, JJ., concur.