574 So.2d 289 (1991)
Quinten CLEVELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2450.
District Court of Appeal of Florida, Fifth District.
February 14, 1991.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment and a sentence.
Appellant was convicted of attempted armed robbery and use of a firearm in the commission of a felony, the attempted armed robbery. He alleges a double jeopardy violation. It is not.
We find that defendant was properly convicted of and sentenced for the two crimes of attempted armed robbery with a firearm, sections 812.13(1) and (2)(a) and 777.04, Florida Statutes (1989) and use of a firearm while committing a felony, section 790.07(2), Florida Statutes (1989). We note that the Supreme Court of Florida has held in relevant part that "all criminal offenses containing unique statutory elements shall be separately punished." State v. Smith, 547 So.2d 613, 616 (Fla. 1989). Both of the primary statutes in the instant case contain unique elements, while the element of a firearm or weapon is common to both statutes. However, the element that is unique to section 812.13 is that the firearm or weapon usage must relate to a robbery, whereas section 790.07, on the other hand, applies to any felony. Although under the facts of this case the use of the firearm in *290 the robbery was necessary for application of the weapons statute, this court recently held that the appropriate test is not whether it is an "element" under the facts of the case, but, rather, "whether it is a necessary element under the statute." Davis v. State, 560 So.2d 1231, 1234 (Fla. 5th DCA), juris accepted, 568 So.2d 435 (Fla. 1990).
We note that our sister court has reached a different conclusion in a short opinion in Graham v. State, 559 So.2d 410 (Fla. 2d DCA 1990) (convictions for attempted armed robbery with a firearm and possession of a firearm during the commission of a felony violative of double jeopardy) and we therefore certify conflict.
AFFIRMED.
HARRIS, J., concurs.
COBB, J., concurs specially with opinion.
COBB, Judge, concurring specially.
The Florida Supreme Court was confronted with the issue presented by the instant appeal in the case of State v. Gibson, 452 So.2d 553 (Fla. 1984), overruled by Hall v. State, 517 So.2d 678 (Fla. 1988). Therein, Justice Boyd, for a five member majority, wrote:
In Borges v. State [415 So.2d 1265 (Fla. 1982)], we adopted the test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for determining whether two statutory offenses, when ostensibly violated by a single act of the accused, are intended to be separately prosecuted and punished. There it was said that the "applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. Applying this test to the statutory elements of the two offenses in question in the present case, we conclude that, because each offense has at least one statutory element that the other does not, the offenses are separate crimes even when based on the same act or factual event. Therefore, under the Blockburger test, the two offenses were intended by the legislature to be separately prosecuted and punished. The offense of robbery while armed contains, in addition to its other constituent statutory elements, the element that the accused carried a firearm or other deadly weapon. The elements of the crime do not include displaying the weapon or using it in perpetrating the robbery. The offense of display or use of a firearm while committing a felony contains as one of its constituent statutory elements that the offender displayed, used, or attempted or threatened to use a firearm during the commission of a felony. It is clear that each of these offenses contains at least one constituent statutory element that the other does not. Contrary to our conclusion in the opinion of February 17, 1983, we now determine that use or display of a firearm in committing a felony is not a lesser included offense of robbery while armed but, rather, was intended by the legislature as a separate offense to be separately prosecuted and punished even where based on a single act or closely connected group of acts. § 775.021(4), Fla. Stat. (1977) [footnote omitted].
The viability of the Gibson rationale was restored by the Florida Legislature's repudiation of the "lenity" doctrine[1] in its 1988 amendment to section 775.021(4). See State v. Smith, 547 So.2d 613 (Fla. 1989). Since, according to Gibson, the elements of the crime of armed robbery do not necessarily include the use or display of a weapon in the perpetration of that robbery, but only the element that the accused carried the weapon, I concur with the majority conclusion in regard to the double jeopardy issue.
NOTES
[1] See Carawan v. State, 515 So.2d 161 (Fla. 1987).