482 So.2d 576 (1986)
Ronald Lewis PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-550.
District Court of Appeal of Florida, Fifth District.
February 6, 1986.
*577 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Parker appeals from his adjudication of guilt for the crimes of aggravated battery[1] and possession of a firearm in the commission of a felony.[2] He argues the trial court erred in adjudicating him guilty and in sentencing him for both crimes on double jeopardy grounds.[3] We affirm.
The record shows that Parker approached a victim, who was acting as though he was under the influence of drugs. Parker pulled a gun from his pants pocket and shot the victim in the back. The victim was unarmed and his sole act of aggression was shouting profanities at Parker.
Although the factual proofs for both crimes in this case are the same (shooting a victim with a firearm) that is apparently no longer a relevant consideration in the current jurisprudence of double jeopardy and lesser included offenses. See State v. Gibson, 452 So.2d 553 (Fla. 1984); compare Burke v. State, 415 So.2d 753 (Fla. 3rd DCA 1982).
Whether or not a crime is a lesser included offense of another depends not on what actually happened or was proven at the trial, but simply on an analysis of the two criminal statutes. Borges v. State, 415 So.2d 1265 (Fla. 1982). If both crimes require proof of an element different than the other, they are separate and distinct crimes,[4] even though in any particular case, the same proofs are in fact used to establish both. See also, State v. Baker, 456 So.2d 419 (Fla. 1984).
Aggravated battery is defined by section 784.045 as:
(1) A person commits aggravated battery who, in committing battery:

*578 (a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.
This crime requires proof of a battery, either a misdemeanor or a felony, and severe harm to the victim, or use of a deadly weapon. The possession crime is defined in section 790.07 as:
(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, ...
This statute requires proof of the commission of a felony and the use, concealment or display of a firearm. These required proofs are different than aggravated battery, although in this case they are satisfied by proof of the same facts.
Under these circumstances, the Florida Legislature has decreed that prosecution for both crimes is permissible. Section 775.021(4) provides:
(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
The United States Supreme Court has held that the Double Jeopardy Clause does not bar prosecution for crimes which meet the Blockburger test[5] in a single trial. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Apparently, the Florida Constitution also permits this result. See Gibson.
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] § 784.045(1), Fla. Stat. (1983).
[2] § 790.07(2), Fla. Stat. (1983).
[3] U.S. CONST. amend. V, amend. XIV; Art. I, § 9, Fla. Const.
[4] In Borges, the Florida Supreme Court adopted the United States Supreme Court's analysis in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (the "Blockburger test").
[5] Id.