500 So.2d 716 (1987)
Roges PREVILON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1849.
District Court of Appeal of Florida, Fourth District.
January 7, 1987.
*717 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Roges Previlon was convicted of aggravated battery and possession of a firearm in the commission of a felony. He was sentenced to fifteen years' imprisonment with a three-year mandatory minimum as to each count, to run concurrently. The sentence constitutes a six-cell upward departure from the presumptive guidelines sentence.
Appellant pulled a gun and shot his victim in the leg, causing scarring and a permanent disability. The shooting took place in a crowded theater.
We find appellant's objection to evidentiary rulings to be without merit. See Wrobel v. State, 410 So.2d 950 (Fla. 5th DCA), rev. denied, 419 So.2d 1201 (Fla. 1982). See also Sanchez v. State, 445 So.2d 1 (Fla. 3d DCA 1984).
Appellant contends that conviction of these two offenses based upon the same criminal act violates the constitutional prohibition against double jeopardy, relying upon Jenrette v. State, 390 So.2d 781 (Fla. 3d DCA 1980). The Jenrette court relied for its thesis upon State v. Pinder, 375 So.2d 836 (Fla. 1979).
The modern and better-reasoned rule is that conviction under two statutory provisions for a single criminal act does not constitute double jeopardy, provided each statutory provision requires proof of an additional fact which the other does not. For this analysis it is necessary to fit the facts of a particular case into the statutory language of the two provisions involved. A rule of thumb is that if an offense under one of the statutory offenses is a necessarily lesser-included offense under the other statutory offense, then the double jeopardy prohibition is offended by separate convictions and sentences.
The underpinnings for such an analysis were promulgated by the supreme court in State v. Gibson, 452 So.2d 553 (Fla. 1984), where the court pointed out that the "single transaction rule" had been legislatively eliminated from Florida law by section 775.021(4), Florida Statutes (1977). In Gibson the court noted that:
In Borges v. State, 415 So.2d 1265 (Fla. 1982), we held that the determination of whether two statutory offenses, charged on the basis of a single act or group of acts of the accused, are the same offense by reason of one being a lesser included offense of the other, is to be made by examining the statutory elements of the offenses rather than the allegations in the charging instrument or the factual elements of evidentiary proof presented at trial.
452 So.2d at 556.
The Gibson court further noted that:
In Borges v. State, we adopted the test announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for determining whether two statutory offenses, when ostensibly violated by a single act of the accused, are intended to be separately prosecuted and punished. There it was said that the "applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the *718 other does not." 284 U.S. at 304, 52 S.Ct. at 182.
Id.
Following Gibson, the district court in Parker v. State, 482 So.2d 576 (Fla. 5th DCA 1986), concluded that separate convictions for aggravated battery and possession of a firearm in the commission of the aggravated battery (as here) were permissible because each crime required proof of an element which the other did not. Specifically, aggravated battery requires proof of a battery, which is not required for the offense of possession of a firearm while committing a felony; and the possession statute requires proof of use, concealment or display of a firearm, which is not required to prove aggravated battery (since it may alternatively be based on the causing of great bodily harm, or permanent disability or disfigurement). We conclude that the Parker court correctly applied the Gibson test, and that under Gibson and Borges the separate convictions in the present case do not violate double jeopardy.
Appellant's sentence constituted an upward departure from the guidelines and contained two mandatory minimum terms. Departure was supported by five written reasons, the state conceding that the third, fourth and fifth reasons are invalid.
The first reason given for departure was the physiological and emotional trauma to the victim. It is not permissible to consider physical injury to the victim where victim injury has already been taken into account in determining the guidelines range. See State v. Mischler, 488 So.2d 523 (Fla. 1986). Since emotional and psychological trauma suffered by the victim of an aggravated assault is not a valid reason for departure, State v. Cote, 487 So.2d 1039 (Fla. 1986), we hold that trauma is not a valid reason where the offense is aggravated battery. Thus, the first reason is not a valid basis for departure.
The second reason given by the trial court for departure was the creation of a risk of harm to innocent bystanders. This court has held that creation of an unreasonable risk of harm to others is a valid reason for departing from the guidelines. See Campbell v. State, 486 So.2d 61 (Fla. 4th DCA 1986); Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986). In the present case the appellant fired two shots in a crowded auditorium, thus the facts support departure on this basis.
This leaves us with the question whether, pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985), we should remand this case to the trial court for reconsideration of the sentence imposed since four of the five reasons given have been found invalid.
We note that the court's order of departure contains the following language: "This court finds that each of the above findings are [sic] sufficient inandof [sic] themselves [sic] to justify a departure of the Defendants [sic] presumptive sentence. Together they support and justify the sentence as imposed by this Court." In The Florida Bar re: Rules of Criminal Procedure, 482 So.2d 311 (Fla. 1985), the supreme court declined to adopt the following language from the committee notes to the sentencing guidelines rule:
"Where deemed appropriate, the sentencing courts may include the following language in the written statement articulating the reasons for departures: If one or more of the foregoing reasons for departure are determined, upon appellate review, to be impermissible, it would still be the decision of this court to depart from the guidelines recommended sentence, upon the basis of the remaining permissible reason or reasons, and to impose the same sentence herein announced."
Id. at 312, (quoting Sentencing Guidelines Commission Proposed Amendments). The court reasoned in a footnote that:
There is too great a temptation to include this phraseology in all departure sentences and we do not believe it appropriate to approve boiler plate language. The trial judge must conscientiously weigh relevant factors in imposing sentences; in most instances an improper *719 inclusion of an erroneous factor affects an objective determination of an appropriate sentence.
Id.
Appellant asserts that the language contained in the order of the trial judge in the present case should not be considered in determining whether to remand for resentencing since it is merely "boiler plate" language, which was rejected by the Florida Supreme Court. It does not necessarily follow, however, that the supreme court's reluctance to make this language part of the rule should be taken as an indication that the use of similar language in a trial court's order of departure should never be considered sufficient to support a finding by an appellate court that the judge would have departed to the same extent based on only one of a number of reasons. In our view, the supreme court simply did not want to increase the chances that trial judges would automatically include this language in sentencing orders, rather than determining its appropriateness on a case-by-case basis.
The sentencing order here does not state, however, that any of the reasons standing alone would support the six-cell departure. It states only that each of the reasons supports "a departure" (emphasis added); the only statement providing support for the extent of the departure is the phrase: "[t]ogether [the reasons] support and justify the sentence as imposed by this Court." (emphasis added). Since it cannot be determined beyond a reasonable doubt that the same sentence would have been imposed absent the invalid reasons, we remand for resentencing. As the supreme court has noted, in most cases inclusion of an improper reason will affect the sentence. 482 So.2d at 312. This likelihood is even greater when only one of several reasons is valid.
Finally, we consider the mandatory minimum aspect of the sentence. The applicable statute is section 775.087(2), Florida Statutes (1985), which states:
(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; or
(b) Any battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence.
The state concedes that possession and display of a firearm in the commission of a felony is not one of the offenses enumerated in the statute, but urges this court nevertheless to interpret the statute as including that offense. Thus far, the second and third districts have declined to do so. See Sammons v. State, 481 So.2d 1315 (Fla. 2d DCA), cause dismissed, 486 So.2d 597 (Fla. 1986); Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980). We decline as well.
The statute evidences no intent that the possession offense should be considered one for which a three-year mandatory minimum sentence is to be imposed; rather, indications are to the contrary. Since the statute plainly requires both commission of one of the enumerated felonies and possession of a firearm in order to impose the mandatory minimum, it is highly unlikely that the legislature intended that the sentence be imposed for conviction of possession of a firearm alone.
We affirm the conviction but remand for resentencing without consideration of the invalid reasons for departure from the guidelines and without imposition of a *720 three-year mandatory minimum sentence as to Count II.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESENTENCING.
DOWNEY and LETTS, JJ., concur.