515 So.2d 360 (1987)
Darrell WHITFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2448.
District Court of Appeal of Florida, Fourth District.
November 12, 1987.
Ruben M. Garcia, Fort Lauderdale, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Darrell Whitfield, was charged on a six-count information, convicted on all six counts, and sentenced to life imprisonment with a three-year mandatory minimum for robbery with a firearm (Count I); two thirty-year concurrent sentences for attempted robbery to run concurrently to Count I (Counts II and III); and three five-year concurrent sentences for aggravated assault to run concurrently to the above counts (Counts IV, V and VI). On a previous appeal from the conviction and sentence, 479 So.2d 208 (1985), we affirmed the conviction, but reversed the sentence and remanded it with directions to *361 provide written reasons for the departure from the sentencing guidelines' recommended sentence of five and one-half to seven years in prison. Upon remand, the trial court resentenced Whitfield to the same sentence and entered an order setting forth his reasons for the departure. From the newly imposed sentence appellant has perfected this appeal, contending the reasons relied upon for departure are not clear and convincing reasons therefor.
The trial court set forth five reasons for the departure sentence:
1. All the victims were treated with particular cruelty, viciousness and callousness.
2. The offense involved multiple victims and multiple incidents per victim.
3. The offenders commission of the offense caused substantial psychological and emotional trauma to the victims, especially Debra McHugh.
4. The offender induced others to participate in the commission of the crime and occupied a position of leadership and dominance of other participants in its commission.
5. The crime created a great risk of harm to innocent bystanders and multiple victims.
Based on the record presented, we hold reason number two is invalid based upon Paschall v. State, 501 So.2d 1370 (Fla. 2d DCA 1987). Although emotional or psychological trauma is an inherent component of armed robbery and aggravated assault, Simpson v. State, 505 So.2d 1378 (Fla. 1st DCA 1987); State v. Cote, 487 So.2d 1039 (Fla. 1986), we find that reason number three is valid due to the extraordinary circumstances of this case wherein Mrs. McHugh was put in extreme fear in witnessing the struggle between her husband and appellant over appellant's gun, and by the fact that appellant knocked McHugh down in trying to escape and then turned and shot at them before they could seek safety. Mrs. McHugh testified the experience had changed her life  she is afraid to go out and she never carries a purse anymore. State v. Rousseau, 509 So.2d 281 (Fla. 1987); Shaw v. State, 510 So.2d 1112 (Fla. 4th DCA 1987). Reason number five, that the crime created a great risk of harm to innocent bystanders and multiple victims is normally a valid reason, Previlon v. State, 500 So.2d 716 (Fla. 4th DCA 1987), so long as the fact that appellant endangered the lives of others is proven beyond a reasonable doubt. Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987). Because the record herein does not support the fact that there were other people in the vicinity of the crime other than the victims, this reason is an invalid reason for departure since not proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla. 1986). The first reason is valid based upon Lerma v. State, 497 So.2d 736 (Fla. 1986), and Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984). As to the fourth reason, the fact that appellant occupied a position of leadership and dominance or, in other words, was a "major participant" in the crime, is clearly not a valid reason for departure. Kearse v. State, 501 So.2d 80 (Fla. 1st DCA 1987). However, we hold that the second part of reason number four, that appellant induced others to participate in the commission of the crime, is supported by the record and is a valid basis for departure herein.
In view of the extent of the departure[1] and the fact that two of the five grounds therefor have been eliminated, we believe justice would be best served by remanding the cause so that the trial judge can determine whether, in his judgment, the sentence in question shall be imposed based upon the remaining valid grounds.
Accordingly, grounds 2, 5, and part of 4, utilized for departure, are held to be invalid and the cause is remanded to the trial court for further consideration of the appropriateness of the sentence based upon the remaining grounds for departure.
HERSEY, C.J., concurs.
ANSTEAD, J., concurs specially with opinion.
*362 ANSTEAD, Judge, concurring specially.
I concur in all respects with the majority opinion except for the additional aggravation of appellant's sentence due to an extraordinary injury to Mrs. McHugh.
NOTES
[1] We are cognizant of section 921.001(5), Florida Statutes (Supp. 1986), which provides that the extent of the departure from a guideline sentence shall not be subject to appellate review.