PER CURIAM.
Defendant Elpidio Perez-Herrera appeals the amended sentence imposed on him for armed trafficking in cocaine.* Defendant does not challenge the fifteen-year sentence on that count, nor the fact that the sentence is subject to the mandatory minimum fifteen-year term required by subsection 893.135(1), Florida Statutes (1987). Defendant contends, however, that the trial court erred by imposing a mandatory minimum three-year sentence pursuant to subsection 775.087(2), Florida Statutes (1987), to be served concurrently with the mandatory minimum fifteen-year sentence. We agree. The mandatory minimum three-year provision of subsection 775.087(2) is not applicable because trafficking in cocaine is not one of the crimes enumerated in that statute. See Sammons v. State, 481 So.2d 1315 (Fla. 2d DCA), cause dismissed, 486 So.2d 597 (Fla.1986) (no three-year mandatory minimum sentence for carrying a concealed firearm while conspiring to traffic and trafficking in cannabis because defendant did not commit a crime listed in the statute); see also Robertson v. State, 519 So.2d 1055 (Fla. 4th DCA 1988) (carrying a concealed weapon); Previlon v. State, 500 So.2d 716 (Fla. 4th DCA 1987) (possession and display of a firearm); Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1980) (possession and display of a firearm).
We reverse that portion of the sentencing order containing the mandatory minimum three-year term and remand for entry of a corrected sentence.

 Defendant was also convicted of conspiracy to traffic in cocaine and attempted robbery with a firearm and was sentenced to fifteen years incarceration on both counts, to be served concurrently. Herrera does not appeal from either the convictions or sentences on those two counts.