599 So.2d 265 (1992)
Kerry SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01505.
District Court of Appeal of Florida, Second District.
May 27, 1992.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals the upward departure sentence he received upon revocation of his probation. We reverse.
The trial court stated its reason for departure in its order as follows:
The defendant committed 7 robberies between 12/6/89 and 12/30/89 after being placed back on probation for robbery on 11/29/89 when he admitted violating his probation for absconding from supervision. Green v. State, 545 So.2d 359 ([Fla.] 2d [DCA] 1989).
Although this court in Green held that temporal proximity alone could justify an upward departure, the supreme court in Barfield v. State, 594 So.2d 259 (Fla. 1992) has since made clear that temporal proximity alone is insufficient in the absence of an escalating pattern of conduct. See also Walker v. State, 593 So.2d 301 (Fla. 2d DCA 1991) (following Barfield).
The state argues that departure was warranted because defendant's crimes establish an escalating pattern of conduct. We do not agree because the record does not sufficiently disclose any indication of escalation, see Barfield, and in any event the trial court did not give escalation as a reason for departure.
The state also argues that under State v. Jones, 530 So.2d 53 (Fla. 1988) and State v. Simpson, 554 So.2d 506 (Fla. 1989) timing can be a valid reason for upward departure if it is accompanied by a persistent pattern of criminal activity. Again, we do not agree. While the trial court's departure order can be read as including a persistent pattern of criminal activity as a basis for departure, under Barfield and Walker a persistent pattern is not enough; the pattern must also be escalating. Barfield observed that the habitual felony offender statute adequately addressed persistent criminal conduct. 594 So.2d at 261.
The trial court's sole reason for departure being invalid, we reverse and remand for resentencing within the guidelines.
Reversed and remanded.
SCHOONOVER, C.J., and PATTERSON, J., concur.