PER CURIAM.
This appeal arises from an order of the judge of compensation claims (JCC) finding claimant Rhonda Walchle’s medical treatment and psychiatric care causally related to a 1980 industrial accident, and ordering Venice Nursing Pavilion and United Self Insured Services, the employer and carrier (E/C), to pay for such treatment and care. The E/C have raised several issues on appeal. As to the first two issues, we hold there is competent, substantial evidence to support the JCC’s finding of a causal connection between claimant’s 1991 surgeries and psychiatric condition and the industrial accident. Therefore, we affirm on those issues without further discussion.
However, as pointed out by the E/C, we hold the JCC’s order to be deficient in other respects. First, there is no competent, substantial evidence to support the JCC’s finding of an agreement between the parties that claimant’s medical bills would be, automatically paid if found related to the industrial accident. Accordingly, the E/C are only responsible for payment of medical bills properly and timely submitted as required by statute. § 440.13(1), Fla.Stat. (1979). However, we note that the statute also allows the JCC to excuse for good cause the failure of a physician to furnish such reports. In such cases, this court has required the JCC to make a finding of good cause where the failure to report is excused. Heath & Co. v. Greifzu, 545 So.2d 959 (Fla. 1st DCA 1989); Vannice Const. Co. v. Silverman, 419 So.2d 369 (Fla. 1st DCA 1982). Therefore, we reverse and remand for the JCC to determine whether any medical bills from the November 1991 surgery were untimely filed and if so whether there is good cause to excuse the untimeliness.
Second, the JCC’s order is ambiguous as to the payment of claimant’s medical bills. Specifically, the order discusses claimant’s recent surgery but does not give any dates. Therefore, while on remand, the JCC should be more specific as to the E/C’s responsibilities for claimant’s medical care.
Finally, the JCC was incorrect in stating that psychiatrist Dr. Lose had been previously authorized by a prior order. The prior order, which was part of the record on appeal, does not address claimant’s psychiatric care. We reject, however, the E/C’s argument that the JCC erroneously relied on this statement in accepting Dr. Lose’s opinion. The JCC stated several reasons for accepting Dr. Lose’s testimony over Dr. For-man’s. We find no reason to disturb this on appeal and hold the erroneous statement to be surplusage. On remand, the JCC should correct this minor error.
In summary, we reverse and remand for the JCC to determine whether claimant’s medical bills relating to the November 1991 surgery were submitted properly and, if not, whether good cause has been shown. On remand, the JCC should determine with specificity the bills for which the E/C are responsible and correct the order regarding Dr. Lose’s prior authorization. All other respects of the JCC’s order are affirmed.
BOOTH, MINER and KAHN, JJ., concur.