PER CURIAM.
Defendant, Marcus Welch, a/k/a Demetrius Jackson, appeals his judgment and sentence for aggravated battery with a deadly weapon and assault. We affirm the judgment but reverse the sentence because the trial court improperly departed from the sentencing guidelines because of risk of harm to a bystander.
This case arose out of the robbery of a car from two victims, Lisa Richardson and Theresa Richardson, her mother. During the course of the robbery, Defendant pointed a gun at both Lisa and Theresa. Defendant was charged with robbery of Lisa with a firearm, aggravated battery of Lisa with a firearm, and aggravated assault of Theresa with a firearm. The jury acquitted Defendant of robbery and convicted him of the lesser offenses of aggravated battery with a deadly weapon and assault. Thus, Theresa was the victim of the assault.
Defendant’s recommended guidelines sentence was 12 to 30 months, with a permitted sentence of 3% years. Over defense objection, the trial court found that Defendant’s crime created a great risk of harm to “not only the immediate victim, but also the mother, the other bystander.... ” Accordingly, the trial court departed from the guidelines and sentenced Defendant to 4/é years in prison on each of the two convictions, to run concurrently.
Creating a great risk of harm to innocent bystanders and multiple victims is a valid reason for departure from the sentencing guidelines as long as the fact that Defendant endangered the lives of others is proven beyond a reasonable doubt. Whitfield v. State, 515 So.2d 360, 361 (Fla. 4th DCA 1987). Defendant does not argue that the risk of harm to others was not proven beyond a reasonable doubt. Rather, he argues that risk of harm to Theresa should not constitute a reason for departure where Theresa was a victim of the crime.
In Whitfield, this court held that risk of harm to others is normally a valid reason for departure, but reasoned that the record did not support the fact that there were other people in the vicinity of the crime other than the victims. Therefore, the Whitfield court held that risk of harm to bystanders was an invalid reason for departure because it was not proven beyond a reasonable doubt. 515 So.2d at 361. Similarly, in the instant ease, the record reflects that no one other than the victims was in the vicinity at the time of the crime. Accordingly, the trial court erred in departing from the sentencing guidelines based on risk of harm to bystanders.
The trial court cannot use an inherent component of the crime to justify departure. State v. Mischler, 488 So.2d 523, 525 (Fla.1986), superseded by statute on other *1070 grounds as stated in Felts v. State, 637 So.2d 996 (Fla. 1st DCA 1988); Hannah v. State, 480 So.2d 718, 720 (Fla. 4th DCA 1986). Because Theresa was the assault victim, the risk of harm to her was already factored into the recommended range of punishment for assault. Accordingly, potential harm to Theresa could not be used to support a departure from the sentencing guidelines. See Whitaker v. State, 552 So.2d 306 (Fla. 5th DCA 1989) (statutory prohibition against discharging firearm in public takes risk of harm to third persons into account); Crosby v. State, 518 So.2d 477 (Fla. 5th DCA 1988) (armed robber’s alleged disregard for safety of others was not valid reason for departure sentence where no persons were involved in crime other than defendant and the two victims).
Departure is not allowed for factors relating to the instant offense for which a defendant is not convicted. Fla.R.Crim.P. 3.701(d)(ll); Pennant v. State, 600 So.2d 526 (Fla. 2d DCA 1992); Brown v. State, 587 So.2d 563, 565-66 (Fla. 1st DCA 1991) upward departure for disregarding safety of innocent bystanders by pointing gun at bank patrons was invalid where defendant was acquitted on charges involving use of firearm). Accordingly, departure cannot be justified for Defendant’s use of a firearm where the jury did not convict him of the aggravated assault with a firearm charge. Therefore, the trial court erred in departing from the sentencing guidelines because of the risk of harm to bystanders created by Defendant’s use of a firearm.
Because the trial court’s only reason for departing from the sentencing guidelines is invalid, we vacate Defendant’s departure sentence and remand for resentencing within the sentencing guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
SENTENCE VACATED; REMANDED.
GUNTHER and STEVENSON, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with opinion.