STEVENSON, Judge.
Appellant, Rafael Hernandez, was tried and convicted of second degree murder with a firearm. The trial court exceeded the permitted maximum of 22 years and sentenced Hernandez to 40 years imprisonment. The trial court stated that “the reason for the upward departure is your flagrant disregard of the safety of others.” We reverse because the trial court abused its discretion in exceeding the guidelines.
This case involved a close range shooting on a public street. Hernandez got out of his pickup truck and approached the victim’s car while both were stopped at a traffic light. After a few words were exchanged, Hernandez, fired four to six shots into the victim’s window. A short time later, the victim died.
We hold that the trial court abused its discretion in exceeding the legislatively considered sentencing guidelines range on the facts of this case. We begin by stating the obvious; that is, that we do not condone appellant’s villainous conduct. Further, we acknowledge that the exhibition of conduct showing a flagrant disregard for the safety of others is an appropriate reason for departure from the sentencing guidelines. Whitfield v. *1117 State, 515 So.2d 360 (Fla. 4th DCA 1987). Nevertheless, it is well settled that the discharge of a firearm on a public street or in a public place does not by itself demonstrate flagrant disregard for the safety of others. See Anthony v. State, 524 So.2d 655 (Fla.1988); Bulger v. State, 537 So.2d 672 (Fla. 1st DCA 1989). There are no facts in the instant case which establish that persons other than the intended victim were placed at extraordinary risk by appellant’s actions.
We find instructive the decisions which have approved upward departures based on flagrant disregard for the safety of others. Some of those reported cases include factual scenarios where (1) the defendant pulled a gun and shot the victim in a crowded theater; (2) the defendant shot the victim in a public place and wildly fired one shot into the air and another at an occupied car; (3) the defendant shot the victim outside a nightclub while thirty to forty people stood in the vicinity; (4) the defendant drove by a bar and fired two shots into a crowd of twenty-five to forty-five people; and (5) the defendant, using a shotgun, engaged the police in a shoot-out in a public housing project. See Previlon v. State, 500 So.2d 716 (Fla. 4th DCA 1987); Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986); Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986); Wareham v. State, 560 So.2d 408 (Fla. 5th DCA 1990); and Green v. State, 545 So.2d 359 (Fla. 2d DCA 1989).[1]
In the present case, the evidence was un-contradicted that appellant fired the weapon directly into the side window of the victim’s car. There was no evidence that any other vehicle or person was ever intentionally nor unintentionally placed in the line of fire. Although we can well imagine the fear of the witnesses in the nearby vehicles, we find no basis in the law for exceeding the recommended guidelines by 18 years imprisonment for that reason alone. We distinguish this case from incidents, such as driveby shootings, where the safety of others is directly placed in jeopardy as a result of the criminal offense.
The state relies heavily on its argument that one of appellant’s bullets could have ricocheted and perhaps injured someone in one of the other cars. While this argument may seem to bear some logic, in the absence of ballistics or similar expert testimony concerning the likelihood of such a chance event occurring, the level of risk, if any, presented to the other drivers is unknown. Therefore, under the facts of this case, it cannot be said that the preponderance of the evidence supports the conclusion that appellant’s conduct amounted to a flagrant disregard for the safety of others.
Accordingly, we vacate the departure sentence and remand to the trial court for resen-tencing within the guidelines.
PARIENTE, J., concurs.
SHAHOOD, J., dissents with opinion.

. Abrogated on other grounds as recognized in Smith v. State, 599 So.2d 265 (Fla. 2d DCA 1992).