PARIENTE, Judge.
On appeal defendant contends that the trial court improperly entered a departure sentence following his convictions for manslaughter, attempted manslaughter and carrying a concealed weapon and that the trial court also failed to consider defendant’s financial resources before ordering restitution. Because we do not find that the trial court abused its discretion in imposing a departure sentence and because the defendant did not object to the imposition of the restitution ordered, we affirm on both points.
The sole reason cited by the trial court for departure was that the crime created a great risk of harm to bystanders. In Scurry v. State, 489 So.2d 25 (Fla.1986), our supreme court acknowledged that conduct which evinces a flagrant disregard for the safety of others constitutes a valid reason for departure. See also § 921.0016(3)(i), Fla. Stat. (1993); Hernandez v. State, 660 So.2d 1116 (Fla. 4th DCA 1995).
In this case, defendant undisputedly fired three shots in the restroom of a nightclub. Defendant does not dispute that there were several people present at the time of the shooting in addition to himself and the two victims. Cf. Welch v. State, 639 So.2d 1068 (Fla. 4th DCA 1994); Whitfield v. State, 515 So.2d 360 (Fla. 4th DCA 1987). Of the three shots fired, one resulted in the death of one victim and another led to the paralysis of the second victim. Defendant argues that because the state did not establish where the third shot went, the trial court was precluded from departing from the guidelines. We disagree.
In Previlon v. State, 500 So.2d 716 (Fla. 4th DCA 1987), we upheld departure based on the creation of an unreasonable risk of harm to others where the defendant had fired two shots in a crowded theater. Accord Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986) (shooting outside nightclub where 30-40 people were in vicinity and at least one person was only three feet away constituted flagrant disregard for the safety of others).
We recognize that the goal of the sentencing guidelines is “to eliminate unwarranted variation in the sentencing process.” Fla.R.Crim.P. 3.701(b); see Barfield v. State, 594 So.2d 259, 261 (Fla.1992). Our standard of review as an appellate court, however, is limited to determining whether the trial court abused its discretion. See Lerma v. State, 497 So.2d 736, 738 (Fla.1986), receded from, on other grounds, State v. Rousseau, 509 So.2d 281 (Fla.1987).
Here the record unquestionably establishes that defendant fired shots in a confined space—a crowded restroom—with several persons other than defendant and his two victims in the immediate vicinity. Cf. Hernandez v. State, 660 So.2d 1116 (Fla. 4th DCA 1995). Defendant does not deny this; rather, he claimed he fired the shots in self-defense. The jury, however, obviously rejected defendant’s claim of self-defense. We are unable to conclude that the trial court abused its discretion based on the record in this case.[1]
We also reject defendant’s claim of error regarding restitution. At sentencing, neither defendant nor his attorney contested the amount of restitution ordered nor presented evidence of his financial circumstances, although given the opportunity to do so. Accordingly we find that the issue has not been preserved for appeal. See Sims v. State, 637 So.2d 21 (Fla. 4th DCA 1994).
AFFIRMED.
WARNER and SHAHOOD, JJ., concur.

. Both the state and defendant cite to this court’s decision in Welch v. State, 639 So.2d 1068 (Fla. 4th DCA 1994), that the facts supporting departure must be proven beyond a reasonable doubt. However, the 1987 amendments to section 921.001 changed the standard of proof applicable to the facts supporting departure to a preponderance of the evidence. § 921.001(6), Fla.Stat. (1993); Fla.R.Crim.P. 3.701(b)(6); see Felts v. State, 537 So.2d 995, 1006 (Fla. 1st DCA 1988), approved, 549 So.2d 1373 (Fla.1989). Prior to the amendments, rule 3.701(b)(6) specified that “clear and convincing reasons” required that the facts supporting the reasons be credible and proven beyond a reasonable doubt. See State v. Mischler, 488 So.2d 523 (Fla.1986), superseded in part by statute, Felts; Wray v. State, 639 So.2d 621, 622 (Fla. 4th DCA 1994). In this case, the facts would support departure under either standard of proof.