PER CURIAM.
The appellant, Dana M. Grimsley, challenges the judgments and sentences imposed upon him after he was found guilty by a jury of robbery with a weapon, carrying a concealed firearm, and possession of cocaine. We affirm the convictions but strike the minimum mandatory sentence imposed for the carrying a concealed firearm conviction.
On December 30, 1994, appellant was charged by information with: count I, robbery with a weapon in violation of section 812.13(2)(b), Florida Statutes (1993); count II, carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1993); and count III, possession of cocaine in violation of section 893.13, Florida Statutes (1993). The jury found the appellant guilty of robbery with a weapon, carrying a concealed firearm, and possession of cocaine. The trial court adjudicated appellant guilty and sentenced him to sixty-six months in prison on count I; five years in prison on count II; and five years in prison on count III, all to run concurrently. The trial court imposed a three year minimum mandatory sentence on count II, carrying a concealed firearm. Appellant timely filed a notice of appeal.
*839 We find no error in regard to appellant’s convictions and length of sentences. Accordingly, we affirm the convictions. We agree, however, with the appellant’s contention that the trial court erred by imposing a three year minimum mandatory sentence as to count II, carrying a concealed firearm.
Section 775.087(2), Florida Statutes (1993), enumerates the crimes of which a minimum mandatory sentence must be imposed. Carrying a concealed firearm is not one of the crimes specified in this statute. Sammons v. State, 481 So.2d 1315 (Fla. 2d DCA), cause dismissed, 486 So.2d 597 (Fla.1986); Robertson v. State, 519 So.2d 1055 (Fla. 4th DCA 1988); Previlon v. State, 500 So.2d 716 (Fla. 4th DCA 1987). Therefore, the trial court erred by imposing the minimum mandatory sentence.
Accordingly, we affirm the convictions and length of sentences. We remand with instructions to strike the minimum mandatory sentence of three years imprisonment on count II.
Affirmed in part, reversed in part, remanded in part with instructions to strike the minimum mandatory sentence on count II.
CAMPBELL, A.C.J., and SCHOONOVER and WHATLEY, JJ., concur.