OTT, Judge.
Appellant was convicted of possessing a controlled substance with intent to deliver and delivery of a controlled substance. He was adjudicated guilty of these charges and sentenced to fifteen years on each count to be served concurrently.
In this appeal appellant argues that one of his two sentences must be set aside because both crimes occurred during a single episode in which appellant delivered heroin to an undercover agent, citing Williams v. State, 349 So.2d 800 (Fla. 2d DCA 1977). We agree. When a defendant is convicted of two crimes in a single transaction, and each of the crimes is a facet of the same transaction, a sentence should be imposed for only the highest crime charged. Orange v. State, 334 So.2d 277 (Fla. 3d DCA 1976). This rationale was applied by this court in Williams v. State, supra.
In the instant case both of the crimes for which appellant was convicted are second degree felonies punishable by a maximum term of imprisonment not exceeding fifteen years. Sections 893.-13(1)(a)1 and 775.082(3)(c), Florida Statutes (1975). It follows that either crime can be considered the “highest crime charged” for sentencing purposes under Orange v. State, supra. This being the case, the judgment of conviction for possessing a controlled substance with intent to deliver is affirmed, but the.sentence for that crime is hereby set aside.
The judgment of conviction for delivering a controlled substance is also affirmed, but this case is remanded for resen-tencing of appellant. The present sentence does not specifically set forth the period of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1975); Brooks v. State, 349 So.2d 794 (Fla. 2d DCA 1977). Moreover, the phrase “at hard labor” in the sentence is improper. Brooks v. State, supra. The appellant does not have to be present at resentencing.
Remanded for proceedings consistent with this opinion.
HOBSON, Acting C. J., and DANAHY, J., concur.