542 So.2d 417 (1989)
James W. PETERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3199.
District Court of Appeal of Florida, Fourth District.
April 19, 1989.
Rehearing Denied May 24, 1989.
*418 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Patricia G. Lampert and Amy Lynn Diem, Asst. Attys. Gen., West Palm Beach, for appellee.
FRANK, RICHARD H., Associate Judge.
In a multi-count information, the appellant, James W. Peterson, was charged with, tried for and convicted of attempted first degree murder, aggravated assault with a firearm, armed robbery with a firearm, armed burglary with a firearm, grand theft of a firearm, aiding an escape while armed, and display of a firearm. The jury acquitted him of aggravated battery and of a second count of attempted first-degree murder. Peterson has raised six points on appeal, all of which we have thoroughly examined; we find only two of the points meritorious.
In Count IX Peterson was charged with the display of a firearm during a felony and he was convicted of that offense. He was simultaneously convicted of four underlying felonies with a firearm  attempted murder, robbery, armed burglary, and escape. Under Hall v. State, 517 So.2d 678 (Fla. 1988), the Count IX conviction for displaying a firearm cannot stand. Using the analysis set out in Carawan v. State, 515 So.2d 161 (Fla. 1987), the supreme court held in Hall that convictions for displaying a firearm and armed robbery, offenses arising from a single act, violated the prohibition against double jeopardy. The post-Carawan amendment to section 775.021, Florida Statutes (1987), does not require a different result. In that amendment the legislature indicated its intention to sentence separately for each criminal offense those persons who "in the course of one criminal transaction or episode, commit[s] an act or acts which constitute one or more criminal offenses," but the legislature simultaneously codified the Blockburger analysis as the technique for determining whether offenses are separate: "if each requires proof of an element that the other does not." § 775.021(4)(a), Fla. Stat. (Supp. 1988); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Four of the felonies for which Peterson was convicted  aggravated assault with a firearm, armed robbery with a firearm, armed burglary with a firearm, and aiding an escape while armed  contain the element essential to the fifth offense of displaying a firearm while committing a felony. Thus, the presence of a firearm during the commission of the foregoing felonies forecloses, under either Blockburger or section 775.021(4)(a), the separate offense of displaying a firearm.
*419 The remaining valid point Peterson raises is that he was incorrectly charged as a principal in the first degree for aiding and abetting the escape of another. For the escape charge he was subject to the penalties for a second-degree felony, section 944.40, Florida Statutes (1987), and his use of a firearm enhanced the penalty to that of a first-degree felony, section 775.087(1)(b), Florida Statutes (1987). Peterson contends, and rightly so, that the felony with which he should have been charged is defined in section 843.12, Florida Statutes (1987):
Whoever knowingly aids or assists a person in escaping, attempting to escape, or who has escaped, from an officer or person who has or is entitled to the lawful custody of such person, is guilty of a felony of the third degree... .
The factual basis undergirding the proper charge is that during the confrontation with police officers resulting in his arrest, Peterson aided his companion, Carole Lerner, in escaping from the back of a patrol car. We find that Peterson should have been charged with precisely the crime he committed  aiding an escape  rather than as a principal in Carole Lerner's escape, a status subjecting him to a substantially greater penalty. We note, however, that the third-degree felony of aiding in an escape can be enhanced to a felony of the second degree pursuant to section 775.087(1)(c), Florida Statutes (1987), based upon Peterson's possession of a firearm while assisting Lerner's escape.
Hence, in accordance with the foregoing, we reverse the convictions for display of a firearm and escape, and affirm the convictions and sentences in all other respects. Upon remand, the trial court is directed to strike the display of a firearm charge and to reduce the escape offense to the crime of aiding an escape while armed.
HERSEY, C.J., and STONE, J., concur.