560 So.2d 311 (1990)
Nathaniel WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-86.
District Court of Appeal of Florida, First District.
April 19, 1990.
Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
*312 MINER, Judge.
In this appeal, appellant argues that his convictions for armed robbery under section 812.13(2)(a), Florida Statutes (1987), and for display of a firearm during commission of a felony under section 790.07(2), Florida Statutes (1987), violated his right to be free from double jeopardy. We disagree and affirm.
On August 25, 1988, a two-count information was filed charging appellant with (1) robbery while armed with a firearm, and (2) display of a firearm during the commission of a felony, to-wit: robbery. The information alleged, in pertinent part:
Nathaniel Williams on the 25th day of July, 1988, in Taylor County, Florida, did then and there unlawfully by force, violence, assault, or by putting in fear, rob, steal, and take away from the person or custody of Mary Lee Grantham, certain property, to-wit: money, and in the course of committing said robbery carried a firearm or other deadly weapon, to-wit: a firearm, to-wit: a pistol, contrary to Florida Statute 812.13.
COUNT II
Nathaniel Williams on the 25th day of July, 1988, in Taylor County, Florida, while committing or attempting to commit a felony, to-wit: Robbery, did display, use, threaten or attempt to use a firearm, or did carry a concealed firearm, to-wit: a pistol, contrary to Florida Statute 790.07.
Appellant entered a plea of not guilty and a jury trial was held. On December 12, 1988, appellant was found guilty of both offenses as charged in the information. Appellant was sentenced to 12 years for the robbery including a 3 year minimum mandatory, and was given five years for the firearm offense. The sentences imposed were to run concurrently. This appeal followed.
Defendant argues that in Hall v. State, 517 So.2d 678 (Fla. 1988), the Florida Supreme Court held that the legislature did not intend to punish a defendant twice for the single act of displaying or carrying a firearm while committing a felony. He reasons that the result in Hall is not altered by the legislature's amendment to section 775.021, Florida Statutes (1987), which permits conviction for separate offenses that are based upon a single act.
The state responds that Hall v. State is no longer good law in light of the amendment to section 775.021(4). As amended, the statute provides that a single act can constitute more than one offense if each offense requires proof of an element that the other does not. The state points out that in the instant case, each offense contains a unique element. Thus, separate sentences were permissible.
As the Florida Supreme Court has recently noted, the double jeopardy clause does nothing more than prevent the imposition of greater punishment than the legislature intended. Thus, the sole issue is legislative intent. See State v. Smith, 547 So.2d 613, 614 (Fla. 1989).
Prior to the 1988 amendment to section 775.021(4), legislative intent was determined through application of Carawan v. State, 515 So.2d 161 (Fla. 1987). In Carawan, the supreme court established the following method of analysis: (1) a clear and specific statement of the legislature's intent to separately punish must control; (2) absent such a statement, the court must apply the test contained in Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as codified in section 775.021(4), to determine whether the offenses are separate[1]; (3) if the Blockburger test indicates that the offenses are equivalent, then separate punishment is presumed improper; (4) if the Blockburger test indicates that the offenses are separate, then multiple punishments are presumed intended, unless there is evidence of a contrary legislative intent; (5) if Blockburger suggests that the offenses are separate, but a reasonable basis exists for concluding that there is a contrary intent, then the rule of lenity in section 775.021(1) requires that the court *313 find that multiple punishments are impermissible. Carawan, supra; Wheeler v. State, 549 So.2d 687, 689 (Fla. 1st DCA 1989).
Following the issuance of Carawan, the legislature amended section 775.021(4), as follows:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Ch. 88-131, § 7, Laws of Fla. (insertions are underlined).
Prior to this amendment, Carawan provided that where application of the Blockburger test indicated that separate punishment was permissible, the test result could be overcome by a combination of the rule of lenity and the existence of "relevant factors" evidencing a legislative intent contrary to the Blockburger result. Thus, regardless of the Blockburger outcome, the rule of lenity could prevent separate punishment where there was evidence that the two crimes addressed the same evil, or if some other factor provided a reasonable basis for concluding that the legislature did not intend multiple punishments. Carawan, supra, at 168-9. With the 1988 amendment, however, the legislature made it clear that its intent to separately punish was ascertainable by application of the Blockburger test, and not by resort to the rule of lenity. As a result of the amendment, "[a]bsent a statutory degree crime or a contrary clear and specific statement of legislative intent in the particular criminal offense statutes, all criminal offenses containing unique statutory elements shall be separately punished." State v. Smith, supra, at 616 (emphasis in original). In this manner, the Blockburger test, which Carawan deemed an "aid" in determining legislative intent, was raised in stature to become the "controlling polestar" of intent in double jeopardy analysis. See State v. Smith, supra, at 616.
In the instant case, appellant was charged with the offense of robbery while armed with a firearm. This offense is defined in section 812.13(1) and (2)(a), Florida Statutes, as follows:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment by a term of years not exceeding life imprisonment as provided in s. 775.082, s. 775.083, or s. 775.084.
Appellant was also charged with the use or display of a firearm during commission of a felony, which offense is defined by section 790.07(2), Florida Statutes:
(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083 and s. 775.084.
*314 In State v. Gibson, 452 So.2d 553 (Fla. 1984), the supreme court applied the Blockburger test to these statutes and concluded that they constituted separate crimes which could be separately punished. The court stated:
[U]nder the Blockburger test, the two offenses were intended to be separately prosecuted and punished. The offense of robbery while armed contains, in addition to its other constituent statutory elements, the element that the accused carried a firearm or other deadly weapon. The elements of the crime do not include displaying the weapon or using it in perpetrating the robbery. The offense of display or use of a firearm while committing a felony contains as one of its constituent statutory elements that the offender displayed, used, or attempted or threatened to use a firearm during the commission of a felony. It is clear that each of these offenses contains at least one constituent statutory element that the other does not.
Id. at 556-7. Apparently, Gibson found that the substantive elements of robbery in section 812.13(1) did not need to be proved in order to establish the firearm offense.[2]Gibson also found that the display or use of a firearm required by section 790.07(2) was not an element of armed robbery, because the latter offense only required that the offender carry the firearm or other weapon while committing the robbery.[3]
Subsequent to its decision in Carawan, the supreme court revisited these statutes in Hall v. State, 517 So.2d 678 (Fla. 1988). In Hall, the supreme court overruled Gibson noting that "Gibson was predicated largely on a lesser included offense theory, and the theory addressed in Carawan was not discussed." Hall, supra, at 680. In addition the court stated:
We hold the legislature had no intent of punishing a defendant twice for the single act of displaying a firearm or carrying a firearm while committing a robbery. To hold otherwise would mean that, for every offense of robbery in which a defendant uses or carries or displays a firearm, in violation of section 812.13, there would also be a violation of section 790.02(2) [sic]. Robbery, under section 812.13(1), becomes the enhanced offense of armed robbery under 812.13(2)(a) by reason of the element of carrying or displaying a firearm. Interpreting the statutes according to the state would mean the offense is enhanced twice for carrying or displaying the same weapon. It is unreasonable to presume the legislature intended this result.
Id. at 680. In overruling Gibson, the court did not take issue with the Blockburger analysis that was applied in that case. Rather, Hall concluded that the legislature did not intend to separately punish the carrying or display of a firearm where such action was already the basis for enhancing the robbery offense.
Hall offers little guidance in the wake of the recent amendment to section 775.021(4). The Hall court's search for legislative intent in factors that are outside the scope of a strict Blockburger analysis, although proper under Carawan, is no longer an acceptable method of ascertaining legislative intent. At present, the intent to separately punish is determined by resort to the Blockburger test which "should be strictly applied without judicial gloss." State v. *315 Smith, supra, at 616. Such an application of the Blockburger test was performed in Gibson, and the result indicates that separate punishment is permissible. In short, it appears that Gibson has been resuscitated by the amendment to section 775.021(4).
We do not agree with appellant's assertion that a different result is mandated by Peterson v. State, 542 So.2d 417 (Fla. 4th DCA 1989). In Peterson, the Fourth District relied upon Hall to hold that separate punishment was not permissible for possession of a firearm during commission of a felony when the underlying felony required the presence of a firearm. Although Peterson was not subject to the 1988 amendment,[4] it was noted that application of the amendment would not affect the result:
Four of the felonies for which Peterson was convicted  aggravated assault with a firearm, armed robbery with a firearm, armed burglary with a firearm, and aiding an escape while armed  contain the element essential to the fifth offense of displaying a firearm while committing a felony. Thus, the presence of a firearm during the commission of the foregoing felonies forecloses, under either Blockburger or section 775.021(4)(a), the separate offense of displaying a firearm.
Peterson, supra, at 418. This dicta in Peterson does not mention the Blockburger analysis that was performed in Gibson. In addition, it does not appear that a proper Blockburger test was performed; the presence of a common "essential element" does not rule out the possibility that each offense might possess an unshared element which would permit separate punishment under Blockburger.
Appellant's reliance upon Dixon v. State, 546 So.2d 1194 (Fla. 3d DCA 1989), is similarly misplaced. In Dixon, the Third District recognized that the 1988 amendments were inapplicable, but opined that the Blockburger test would preclude separate punishment for armed robbery and display of a firearm during the commission of a felony. Again, this dicta made no reference to the supreme court's contrary conclusion in Gibson.
In sum, we find controlling the supreme court's application of Blockburger in Gibson, though we note that this could well be one of those cases referred to in Carawan where an exclusive application of Blockburger produces a result contrary to common sense.[5] Despite this reservation, we affirm appellant's convictions.
SMITH and THOMPSON, JJ., concur.
NOTES
[1] The Blockburger test finds that offenses are separate when each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial. See § 775.021(4), Fla. Stat.
[2] This represents the proper application of Blockburger, because the court looked "at the statutory elements of the charged crimes, as opposed to the language of the charging document." See St. Fabre v. State, 548 So.2d 797, 798 (Fla. 1st DCA 1989) (emphasis in original) (quoting Baker v. State, 456 So.2d 419, 420 (Fla. 1984)). Thus, when one looks at section 790.07(2) and ignores the fact that the information also charges robbery while armed with a firearm, one cannot find an element requiring proof that the offender committed or attempted to commit a robbery.
[3] The court determined that section 790.07(2) proscribed two discrete offenses: (1) the display, use, threat or attempt to use a firearm during commission of a felony, and (2) carrying a concealed firearm during commission of a felony. Since this latter offense was not involved in Gibson, the court did not include it in the Blockburger test. We note that the instant case also involves only the first of the offenses that are proscribed by section 790.07(2).
[4] Although the opinion in Peterson, supra, does not provide the date of the offense, we note that the case number indicates an appeal was filed in 1987. Thus, the offense could not have occurred after the effective date of chapter 88-131 on July 1, 1988.
[5] See Carawan, supra, at 167.