569 So.2d 1320 (1990)
Hugh BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2318.
District Court of Appeal of Florida, First District.
November 8, 1990.
Barbara M. Linthicum, Public Defender, Lawrence M. Korn, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
*1321 WOLF, Judge.
Brown appeals from a judgment and sentence for three counts of armed robbery, five counts of aggravated assault, one count of attempted first degree murder, one count of attempted armed robbery, and five counts of use of a firearm during the commission of a felony. The following issues were raised on appeal: (1) Whether there was sufficient evidence to support a conviction for attempted first degree murder, and (2) whether the court erred in adjudicating and sentencing the defendant for both armed robbery and aggravated assault. We find merit in the appellant's first contention, but affirm as to the second.
The defendant's convictions arose out of a series of armed encounters at several restaurants in Jacksonville during the early morning hours of January 10, 1989. The last encounter occurred at a Steak 'N Egg restaurant where a customer, John McMullin, was shot in the leg.
The state alleged that the defendant "did attempt to unlawfully kill John McMullin, a human being, by shooting the said John McMullin with a pistol with a premeditated design to effect the death of John McMullin ..."[1]
Premeditation is the essential element which distinguishes first degree murder from second degree murder. Wilson v. State, 493 So.2d 1019, 1021 (Fla. 1986), citing Anderson v. State, 276 So.2d 17 (Fla. 1973).
Premeditation is more than a mere intent to kill; it is a fully formed conscious purpose to kill. The purpose to kill may be formed a moment before the act but must exist for a sufficient length of time to permit reflection as to the nature of the act to be committed and the probable result of that act.
Roberts v. State, 510 So.2d 885, 888 (Fla. 1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1987), citing Wilson v. State, 493 So.2d 1019, 1021 (Fla. 1986).
The state presented no evidence which demonstrated premeditation. The defendant and an accomplice entered the restaurant and drew their guns. The defendant sat down next to Mr. McMullin and after a brief conversation, a shot rang out. There was no evidence as to where the defendant was pointing the gun or the trajectory of the bullet which entered the victim's leg.[2] It is impossible to infer that a gunshot fired into the leg of a party seated next to you demonstrates a fully formed conscious purpose to kill.
The evidence presented would appear, however, to support a finding that the appellant acted in a manner which was eminently dangerous to the victim and, thus, would support a conviction for the lesser-included offense of attempted second degree murder. We, therefore, remand to the trial court for the entry of a judgment and conviction for attempted second degree murder.
The appellant also asserts that entry of convictions for each of the aggravated assaults in connection with the corresponding robberies violated the double jeopardy provisions of the state and federal constitutions, contending that aggravated assault is a necessarily lesser-included offense of armed robbery.
In evaluating whether a single prosecution for multiple offenses violates the double jeopardy clause, the controlling factor is whether the punishment imposed is greater than the Legislature intended. State v. Smith, 547 So.2d 613, 614 (Fla. 1989).[3]
*1322 Justice Ehrlich addressed the appellant's exact contention and the legislative intent concerning punishments for aggravated assault and armed robbery in State v. Baker, 452 So.2d 927 (Fla. 1984).[4] In Baker, the court rejected the contention that a party could not be convicted and sentenced for both armed robbery and aggravated assault:
In virtually every case of armed robbery, the deadly weapon carried by the perpetrator is the means by which he induces "force, violence, assault, or putting in fear," one of the elements of any robbery, armed or unarmed. However, the statutory element which enhances punishment for armed robbery is not the use of the deadly weapon, but the mere fact that a deadly weapon was carried by the perpetrator. The victim may never even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense. For double jeopardy purposes, this Court is bound to consider only the statutory elements of the offenses, not the allegations or proof in a particular case. Where an offense is not a necessarily lesser included offense, based on its statutory elements, the intent of the legislature clearly is to provide for separate convictions and punishments for the two offenses. The trial court therefore properly convicted and sentenced Baker for both counts I and II.
Id. at 929 (emphasis in original) (citations omitted).
The reasoning of State v. Baker was recently adopted by this court in Williams v. State, 560 So.2d 311 (Fla. 1st DCA 1990), where the court upheld separate convictions and sentences for both armed robbery and display of a firearm during commission of a felony.
In light of the decisions in Baker and Williams, we determine that the trial court did not violate the constitutional provisions of double jeopardy by entering separate convictions and sentences for aggravated assault and armed robbery.
Affirmed in part and reversed in part.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] It is interesting to note that the state chose not to charge the defendant with attempted felony murder, but instead chose to proceed under the theory of premeditation.
[2] There was no direct evidence that the defendant was the party who actually shot the victim since no one saw him fire the gun. The defendant's responsibility for firing the shot that wounded Mr. McMullin can only be inferred from the fact that the defendant and his companion were the only ones with their guns drawn, from the relative positions of the parties, and from the companion's testimony that he did not fire his gun.
[3] Since the crime in question occurred after the effective date of ch. 88-131, § 7, Laws of Fla., the instant case is controlled by that statutory provision rather than Carawan v. State, 515 So.2d 161 (Fla. 1987).
[4] In evaluating whether the court could order entry of a judgment for aggravated assault where the defendant was originally charged with armed robbery, the supreme court in Royal v. State, 490 So.2d 44 (Fla. 1986), stated that aggravated assault was a necessarily lesser included offense of armed robbery. The 5th DCA relied on Royal in applying the analysis mandated by Carawan v. State, supra, in Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988), and Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988). In light of the fact that Royal dealt with an issue which is different than the one before this court and the supreme court in Baker, and that Royal did not expressly overrule Baker, it is our belief that Baker is controlling. In addition, unlike the 5th DCA cases, the crime in the instant case occurred after the effective date of chapter 88-131, Laws of Fla., and, therefore, our decision is not controlled by those cases which relied on Carawan. See Williams v. State, 560 So.2d 311 (Fla. 1st DCA 1990).