584 So.2d 209 (1991)
Hugh BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-234.
District Court of Appeal of Florida, First District.
August 16, 1991.
*210 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant appeals a sentence entered on remand from this court. The sole issue on appeal is whether the trial court erred in its determination of credit for time served.
Appellant was initially convicted of one count of attempted first degree murder, two counts of armed robbery, two counts of aggravated assault, and three counts of use of a firearm during the commission of a felony. On appeal, this court reduced the attempted murder conviction to attempted second degree murder and remanded the case for resentencing. Brown v. State, 569 So.2d 1320 (Fla. 1st DCA 1990). On remand, the trial court resentenced appellant but failed to give him credit for additional time served between the imposition of the first and second sentences. A provision of credit for time served must be specific and include credit for all time served. Rushing v. State, 355 So.2d 501 (Fla. 2d DCA 1978).
The state submits that any error regarding credit for time served should be corrected but argues that such an error must first be raised pursuant to a Florida Rule of Criminal Procedure 3.800 motion. We disagree. Sentencing errors may be raised by direct appeal. Polk v. State, 418 So.2d 388 (Fla. 1st DCA 1982).
Accordingly, the cause is remanded to allow the trial court to resentence appellant, with provision for appropriate credit for time already spent in jail.
SHIVERS, ZEHMER and KAHN, JJ., concur.