PER CURIAM.
 

 John Kitchen appeals an order summarily denying his motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(a). He seeks additional jail time credit for time spent in the county jail pending resentencing in his case.
 

 In 1997, Kitchen was sentenced to forty years in prison as a violent career criminal with a thirty-year mandatory minimum. The trial court gave a credit for 348 days served in the county jail prior to sentencing. As a result of a partially successful postconviction relief motion pursuant to rule 3.850, Kitchen was resentenced to fifteen years in prison as a habitual violent felony offender, with a ten-year mandatory minimum, nunc pro tunc to the date of the original sentence. The court gave the same 348 days of jail credit, plus “ALL DOC CREDIT.”
 

 In this motion to correct a sentencing error, Kitchen claims he was entitled to 769 days of jail time credit, maintaining that the trial court did not grant him jail credit for time spent in county jail from September 27, 2000, through May 21, 2001, pending resolution of his postconviction relief motion and his resentencing. Some of the time claimed includes time spent in county jail after resentencing but prior to his transfer to the Department of Corrections.
 

 Section 921.161, Florida Statutes,
 
 [1]
 
 provides as follows:
 

 (1) A sentence of imprisonment shall not begin to run before the date it is imposed, but
 
 the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.
 
 The credit must be for a specified period of time and shall be provided for in the sentence.
 

 (2) In addition to other credits,
 
 a person sentenced to imprisonment in custody of the Department of Corrections shall receive credit on her or his sentence for all time spent between sentencing and being placed in custody of the department.
 

 (Emphasis added). The statute requires the trial court to determine and give credit for all time spent in county jail prior to sentencing and for the Department to calculate the time after sentencing, including time in the county jail after sentencing. Kitchen claims that the trial court did not order credit for the county jail time served prior to resentencing, and awarding “all DOC credit” does not include the county jail time.
 

 The state concedes that a prisoner is entitled to credit for jail time spent prior to resentencing.
 
 See Smith v. State,
 
 691 So.2d 606 (Fla. 4th DCA 1997);
 
 Brown v. State,
 
 584 So.2d 209 (Fla. 1st DCA 1991);
 
 Franklin v. State,
 
 515 So.2d 400, 401 (Fla. 1st DCA 1987). In accordance with the statute, the trial court must specifically
 
 *977
 
 state that time in the sentence. The trial court’s mere reference to ALL DOC CREDIT does not include the time spent in county jail prior to resentencing. Only that portion of jail time spent between the resentencing and transfer of custody to the DOC is part of the credit DOC must allow.
 
 See
 
 § 921.161(2), Fla. Stat.
 

 We reject the state’s contention that the motion is insufficient for failing to identify where in the record evidence of entitlement to additional credit would be found, as defendant provided the dates of his incarceration in the county jail.
 
 Thomas v. State,
 
 634 So.2d 175, 177 (Fla. 1st DCA 1994) (“Generally, a rule 3.800(a) motion for award of jail-time credit is deemed facially sufficient when the defendant provides the commencement date of the sentence against which credit is due, together with the dates for which jail-time credit is claimed.”);
 
 Hidalgo v. State,
 
 729 So.2d 984 (Fla. 3d DCA 1999) (reversing in part denial of motion for jail time credit, and holding trial court should have consulted jail record, as well as court file, to determine if defendant was entitled to additional credit).
 

 Accordingly, to the extent Kitchen’s motion sought pre-sentencing jail time credit, we reverse the denial and direct the trial court on remand to grant him additional jail time credit for the time spent in county jail before (but not after) his resentencing.
 

 Reversed in part and remanded.
 

 WARNER, FARMER and TAYLOR, JJ., concur.
 

 [1]
 

 . The 2008 version of the statute is quoted, but there are no appreciable differences from the version of the statute that was in effect at the time the offense was committed, on July 3, 1996.