PER CURIAM.
 

 Appellant appeals an order summarily denying his motion to correct sentencing error pursuant to Rule 3.800(a). Appellant was sentenced to five years of probation with the condition that he complete six months of inpatient drug treatment. For reasons unspecified in the record, appel
 
 *77
 
 lant breached the conditions of his probation and was sentenced to five years in prison. In his motion to correct, appellant seeks jail credit for time spent in the drug treatment program as well as credit for time spent in the county jail awaiting transfer to the rehabilitation facility.
 

 The trial court was correct to deny appellant’s motion insofar as it related to credit for time served in the drag treatment program, and we affirm the order in this respect.
 
 See Comer v. State,
 
 909 So.2d 460 (Fla. 4th DCA 2005). However, the trial court did not address appellant’s claim for credit for time served in the county jail after imposition of the original sentence. A defendant “is entitled to credit for time spent in jail awaiting placement into a drug treatment facility imposed as a condition of probation.”
 
 LaLonde v. State,
 
 941 So.2d 586, 587 (Fla. 4th DCA 2006). Appellant alleged a prima facie claim for this credit by stating the date range during which he was in the county jail after sentencing but before his placement at the rehabilitation center.
 
 See Kitchen v. State,
 
 20 So.3d 975, 977 (Fla. 4th DCA 2009) (finding a motion to correct facially sufficient where the “defendant provided the dates of his incarceration in the county jail”). Accordingly, we reverse in part the summary denial of appellant’s motion and remand for the trial court to consider appellant’s claim for credit for time spent in jail awaiting placement into the inpatient drug treatment facility.
 

 Affirmed in part; reversed in part; and remanded for further proceedings.
 

 TAYLOR, GERBER and LEVINE, JJ., concur.