PER CURIAM.
Lonnie David Smith appeals from an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) seeking jail credit for time served in the county jail prior to resentencing. The trial court denied the motion based upon the conclusion that the appellant was only due the same amount of jail credit awarded in the original judgment and sentence. We reverse for further proceedings.
A court is required to give a defendant credit for all of the time served in county jail prior to sentencing. § 921.161, Fla. Stat. (1999). Further, “a prisoner is entitled to credit for jail time spent prior to re sentencing.” Kitchen v. State, 20 So.3d 975, 976 (Fla. 4th DCA 2009) (emphasis in original).
In the instant case, the appellant set out a facially sufficient rule 3.800(a) motion, with exhibits reflecting additional days that he served in the county jail prior to being resentenced in June 2009. In its denial, the trial court did not address these exhibits or attach records demonstrating that the appellant was entitled no relief.
Accordingly, we reverse the trial court’s order denying the appellant’s rule 3.800(a) motion. On remand, should the trial court again conclude that appellant’s rule 3.800(a) motion lacks merit, it shall attach to its order the portions of the record conclusively refuting that claim. Otherwise, it shall grant the relief requested.
REVERSED and REMANDED.
WOLF, DAVIS, and ROBERTS, JJ., concur.